Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 358-3528

[Additional counsel appear on signature page]

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ALLIANCE GROUP,<br><br>Defendant. | NO. **'13CV2654 DMS WVG**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.1     Plaintiff Bee, Denning, Inc., d/b/a Practice Performance Group, individually and as a class representative for a National Class of all others similarly situated, brings this class action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and alleges as follows:

- 1 -

## II.  PARTIES

2.1     Plaintiff Bee, Denning, Inc., d/b/a Practice Performance Group ("Plaintiff") is a company that provided consultation and continuing education for physicians based in La Jolla, California.  Practice Performance Group is owned and operated by Judy Bee and Jeffrey Denning.  Plaintiff is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.2     Defendant Capital Alliance Group ("Capital Alliance" or "Defendant") is a California corporation that maintains its principal place of business at 1950 East 17th Street, 3rd Floor, Santa Ana, California, 92705.  Capital Alliance is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## III.  JURISDICTION AND VENUE

3.1     This court has subject matter jurisdiction under 28 U.S.C § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

3.2     This Court has personal jurisdiction over Defendant because it does business in California and many of the wrongful acts alleged in the Complaint were committed in California.

3.3     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the wrongful acts alleged in the Complaint occurred in this judicial District.

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices, including preventing the transmission of unsolicited facsimiles (or "junk faxes").  Junk faxes impose unwanted burdens on the contacted party, including the costs of paper and ink and making fax machines unavailable for legitimate business purposes.

4.2    The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *See* 47 U.S.C. §§ 227(b)(1)(C).

4.3    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." *See* 47 U.S.C. §§ 227(a)(4).

4.4    The TCPA provides a private cause of action to persons who receive facsimiles in violation of 47 U.S.C. § 227(b)(1)(C). *See* 47 U.S.C. § 227(b)(3).

## V.  FACTUAL ALLEGATIONS

5.1    Defendant Capital Alliance Group provides short term business loans and equipment financing and leasing to small to middle-sized companies. On information and belief, part of Defendant's strategy for increasing the volume of its customers involves sending unsolicited facsimile advertisements to solicit business, many of which are made to recipients who have not consented to receive these facsimiles.

5.2    On or about August 14, 2013, Plaintiff received a fax offering "SHORT TERM BUSINESS LOAN – FAST AND SIMPLE".  The fax advertised that it provided capital for small businesses as an alternative to traditional bank financing.

5.3    The fax encouraged the reader to go to www.communitybf.com or call 1-800-950-4042.  Upon information and belief, the website, phone number and contact email are all owned maintained and operated by Defendant.  Upon information and belief, Defendant is responsible for initiating the sending of the above-described fax.

5.4    Plaintiff received similar faxes from Defendant again on September 9, 2013 and September 23, 2013.

5.5    Defendant's faxes to Plaintiff's fax line were advertisements, soliciting Plaintiff to obtain a credit line or other services through Defendant.

5.6    Plaintiff did not provide prior consent to the receipt of faxes from Defendant, did not voluntarily agree to make its facsimile number available for public distribution, did not invite or give permission to Defendant to use its fax number, and had no established business relationship with Defendant.

5.7    Upon information and belief, Defendant initiated a large number of substantially similar unsolicited fax advertisements to persons in California and throughout the United States.

5.8    Upon information and belief, Defendant intends to continue to send similar unsolicited fax advertisements to persons in California and throughout the United States.

## VI.  CLASS ACTION ALLEGATIONS

6.1    <u>Class Definition</u>. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and a class (the "Class") defined as follows:

> All persons or entities in the United States who, on or after four years prior to the filing of this action, received one or more unsolicited facsimile messages containing an advertisement that was initiated by or on behalf of Defendant, or its agents or affiliates with whom Defendant did not have an established business relationship or with whom Defendant did not obtain prior express permission to send a fax.

Excluded from the Class are Defendant, any entity in which a Defendant has a controlling interest or that has a controlling interest in a Defendant, and Defendant's employees or agents, legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

6.2    <u>Numerosity</u>. Defendant has sent unsolicited facsimile messages containing an advertisement similar to that received by Plaintiff to numerous

other Class members who did not have an established business relationship with Defendant or otherwise consent to the receipt of the facsimile. The Class members number in the thousands, such that joinder of all members is impracticable. The disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

6.3  <u>Adequacy</u>. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff, nor his counsel, has any interest adverse to those of the other members of the Class or each other.

6.4  <u>Superiority</u>. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

6.5  <u>Typicality</u>. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of the receipt of the unsolicited facsimile advertisement alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct based on the receipt of the unsolicited facsimile advertisement. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class in initiating the unsolicited facsimile advertisements at issue, requiring the Court's imposition of

uniform relief to ensure compatible standards of conduct toward the members of the Class.

  6.6 <u>Commonality</u>. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a. Whether the initiation of the unsolicited facsimile advertisement by Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf violate 47 U.S.C. § 227 and 46 CFR § 64.1200;

    b. Whether Defendant and/or its agents, affiliates and/or others acting on Defendant's behalf should be enjoined from violations 47 U.S.C. § 227 and 46 CFR § 64.1200 in the future; and

    c. Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

  6.7 <u>Predominance</u>.  Defendant engaged in a common course of conduct toward Plaintiff and the Class.  The common issues arising from the conduct that affect Plaintiff and the Class predominate over any individual issues.

**VII.  FIRST CLAIM FOR RELIEF**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(C)**

  7.1 Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

  7.2 The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(C).

  7.3 As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf negligent and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), Plaintiff is entitled to an award of $500 in statutory damages for each and every negligent facsimile in violation

of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and treble damages of up to $1,500 for each and every knowing and/or willful facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

7.4   Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(C), in the future.

## VIII.  RELIEF REQUESTED

Plaintiff requests the Court enter judgment against Defendant as follows:

A.   An order certifying the Class as defined above;

B.   An award of actual and statutory damages, including for statutory damages of $500 for each legal violation committed by Defendant, plus treble damages for each intentional and/or willful legal violation;

C.   Granting declaratory, equitable and/or injunctive relief as permitted by law to ensure that Defendant will cease to initiated the sending of unsolicited facsimile advertisements;

D.   An award of reasonable attorneys' fees and costs; and

E.   Such further and other relief as the Court deems fair and equitable.

## IX.  DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

RESPECTFULLY SUBMITTED AND DATED this 5th day of November, 2013.

        TERRELL MARSHALL DAUDT
          & WILLIE PLLC

By:  /s/ Beth E. Terrell, CSB #178181
     Beth E. Terrell, CSB #178181
     Email: bterrell@tmdwlaw.com
     Michael D. Daudt, CSB #161575
     Email: mdaudt@tmdwlaw.com
     Whitney B. Stark, CSB #234863 (*Attorney Admission Submitted – Status Pending*)
     Email: wstark@tmdwlaw.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 358-3528

     Stefan Coleman (*Pro Hac Vice Admission Application to be Filed)*
     Email: law@stefancoleman.com
     LAW OFFICES OF STEFAN COLEMAN
     201 South Biscayne Boulevard, 28th Floor
     Miami, Florida 33131
     Telephone: (877) 333-9427
     Facsimile: (888) 498-8946

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BEE, DENNING, INC., d/b/a/ PRACTICE PERFORMANCE GROUP, individually and on behalf of all others similarly situated

**DEFENDANTS**
CAPITAL ALLIANCE GROUP

(b) County of Residence of First Listed Plaintiff: **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SEE ATTACHED

Attorneys *(If Known)*
**'13CV2654 DMS WVG**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227; 5:552
Brief description of cause:
Violation of Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/05/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Beth E. Terrell, CSB #178181

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

*Bee, Denning, Inc., d/b/a Practice Performance Group v. Capital Alliance Group*

# ATTACHMENT TO CIVIL COVER SHEET

Attorneys for Plaintiff:

    Beth E. Terrell, CSB #178181
    Email: bterrell@tmdwlaw.com
    Michael D. Daudt, CSB #161575
    Email: mdaudt@tmdwlaw.com
    Whitney B. Stark, CSB #234863 (*Attorney Admission Submitted – Status Pending*)
    Email: wstark@tmdwlaw.com
    TERRELL MARSHALL DAUDT
      & WILLIE PLLC
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 358-3528

    Stefan Coleman (*Pro Hac Vice Admission Application to be Filed*)
    Email: law@stefancoleman.com
    LAW OFFICES OF STEFAN COLEMAN
    201 South Biscayne Boulevard, 28th Floor
    Miami, Florida 33131
    Telephone: (877) 333-9427
    Facsimile: (888) 498-8946