Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email:  mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email:  wstark@tmdwlaw.com
TERRELL MARSHALL DAUDT
   & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 358-3528

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>Defendants. | NO. 3:13-CV-02654-DMS-WVG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

## X.  INTRODUCTION

1.1     Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group and Greg Chick, individually and as class representatives for National Classes of all others similarly situated, bring this class action against Defendant Capital

- 1 -

Alliance Group and Defendant Narin Charanvattanakit (collectively "Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and allege as follows:

## XI.  PARTIES

2.1    Plaintiff Bee, Denning, Inc., d/b/a Practice Performance Group ("Plaintiff Bee") is a company that provides consultation and continuing education for physicians based in La Jolla, San Diego County, California. Plaintiff Bee is owned and operated by Judy Bee and Jeffrey Denning. Plaintiff Bee is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.2    Plaintiff Gregory Chick ("Plaintiff Chick") is a married individual and a citizen of California State residing in Ramona, San Diego County, California.

2.3    Defendant Capital Alliance Group ("Defendant Capital Alliance") is a California corporation that maintains its principal place of business at 1950 East 17th Street, 3rd Floor, Santa Ana, Orange County, California, 92705. Capital Alliance is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.4    On information and belief, Defendant Narin Charanvattanakit ("Defendant Charanvattanakit") is the founder of Defendant Capital Alliance. During the relevant time period, Defendant Charanvattanakit served as the Chief Executive Officer of Defendant Capital Alliance. Defendant Charanvattanakit is, and at all time mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.5    On information and belief, Defendant Charanvattanakit directly and personally participated in, directed, and/or authorized the statutory violations alleged herein.

2.6     On information and belief, Defendant Charanvattanakit established or approved Defendant Capital Alliance's policies, oversaw operations and was involved in the business practices that violated the TCPA.

### XII.  JURISDICTION AND VENUE

3.1     This court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

3.2     This Court has personal jurisdiction over Defendants because they do business in California and many of the wrongful acts alleged in the Complaint were committed in California.

3.3     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the wrongful acts alleged in the Complaint occurred in this District.

### XIII.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2     The TCPA makes it unlawful to transmit unsolicited facsimiles (hereinafter "Junk Faxes").

4.3     The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *See* 47 U.S.C. §§ 227(b)(1)(C).

4.4     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission" (i.e. Junk Faxes).  *See* 47 U.S.C. §§ 227(a)(4).

4.5     Junk Faxes impose unwanted burdens on the contacted party, including the costs of paper and ink and making fax machines unavailable for legitimate business purposes.

4.6     The TCPA provides a private cause of action to persons who receive Junk Faxes in violation of 47 U.S.C. § 227(b)(1)(C).  *See* 47 U.S.C. § 227(b)(3).

4.7     The TCPA also makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  *See* 47 U.S.C. §§ 227(b)(1)(A) & 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

4.8     The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

4.9     The FCC confirmed this principle in 2013, when it explained that "a seller …. [m]ay be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."  *See* FCC Declaratory Ruling in re Petition filed by DISH Network, LLC for Declaratory Ruling Concerning TCPA Rules, CG Docket No., 11-50 (May 9, 2013) (*available at* http://www.fcc.gov/document/dish-network-et-al-petition-declaratory-ruling-re-tcpa-rules) (last visited December 13, 2013).

### XIV.  FACTUAL ALLEGATIONS

**A.     Defendant's Sent Plaintiff Bee and Members of the Facsimile Class Junk Faxes**

5.1     Defendant Capital Alliance Group provides short term business loans and equipment financing and leasing to small to middle-sized companies. On information and belief, part of Defendants' strategy for increasing the volume

- 4 -

of its customers involves sending Junk Faxes to solicit business, many of which are made to recipients who have not consented to receive these Junk Faxes.

5.2  On or about August 14, 2013, Plaintiff Bee received a Junk Fax offering "SHORT TERM BUSINESS LOAN – FAST AND SIMPLE". The Junk Fax advertised that it provided capital for small businesses as an alternative to traditional bank financing.

5.3  The Junk Fax encouraged the reader to go to www.communitybf.com or call 1-800-950-4042. On information and belief, the website, phone number, and contact email are all owned, maintained, and operated by Defendant Capital Alliance, which is owned and operated by Defendant Charanvattanakit.

5.4  When one calls the telephone number listed on the Junk Faxes, 1-800-950-4042, the call is answered by an automated answering system. The automated answering system directs callers to press "1" to speak with someone regarding the "working capital program." After pressing "1" the caller is directed to a live agent, who identifies the called entity as "Capital Alliance."

5.5  Defendants are responsible for sending the above-described Junk Fax.

5.6  Plaintiff Bee received similar Junk Faxes from Defendants again on September 9, 2013 and September 23, 2013.

5.7  Defendants' Junk Faxes to Plaintiff Bee's fax line were advertisements, soliciting Plaintiff Bee to obtain a credit line or other services through Defendant Capital Alliance.

5.8  Plaintiff Bee did not provide express prior consent to the receipt of Junk Faxes from Defendants, did not voluntarily agree to make its facsimile number available for public distribution, did not invite or give permission to Defendants to use its fax number, and had no established business relationship with Defendants.

5.9     On information and belief, Defendants made a large number of substantially similar unsolicited Junk Fax advertisements to persons in California and throughout the United States.

5.10    On information and belief, Defendants intend to continue to send similar unsolicited Junk Fax advertisements to persons in California and throughout the United States.

**B.    Defendants Called Plaintiff Chick and Members of the Automated Call Class Using Automatic Dialing and Prerecorded Messages**

5.11    Part of Defendants' strategy for increasing the volume of its customers involves the use of automatic dialing and pre-recorded messages to solicit business, many of which are made to recipients who have not consented to receive such telephone calls.

5.12    Defendants use equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

5.13    Defendants also make calls using an artificial or pre-recorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls, including Plaintiff Chick.

5.14    On or about December 6, 2013, Plaintiff Chick received an automated call to his cellular telephone. The automated message related to preapproval for a business loan. The number originating the telephone call was 1-888-364-6330.

5.15    The phone number 1-888- 364-6330 is maintained and operated by Defendants.

5.16    When one calls back the number that originated the above described automated call, 1-888- 364-6330, the call is answered by an automated answering system. The automated answering system directs callers to press "1" to speak with someone regarding their "working capital program." After pressing "1" the

caller is directed to a live agent, who identifies the called entity as "Capital Alliance."

5.17 On information and belief, Defendants are responsible for making the above-described automated call.

5.18 Plaintiff Chick did not provide express prior consent to receive automated and/or pre-recorded calls on his cellular telephone made by or on behalf of Defendants.

5.19 On information and belief, Defendants initiated a large number of automated and/or pre-recorded calls to persons in California and throughout the United States.

## VI.  JURISDICTION AND VENUE

6.1 <u>Class Definition</u>. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and classes (the "Facsimile Class" and the "Automated Call Class") defined as follows:

> <u>Facsimile Class:</u>  All persons or entities in the United States who, on or after four years before the filing of this action, received one or more unsolicited facsimile messages containing an advertisement that was made by or on behalf of Defendants or its agents or affiliates, with whom Defendants did not have an established business relationship or with whom Defendants did not obtain express prior consent to send a fax.
>
> <u>Automated Call Class:</u>  All persons or entities in the United States who, on or after four years before the filing of this action, received a call on their cellular telephone line with a pre-recorded message, made by or on behalf of Defendants, and without the recipient's express prior consent.

Excluded from the Facsimile Class and the Automated Call Class are Defendants, any entity in which a Defendant has a controlling interest or that has a controlling interest in a Defendant, and Defendants' employees or agents, legal

representatives, assignees, and successors.  Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

6.2   Numerosity.  The Facsimile Class and the Automated Call Class are each so numerous that joinder of all members is impracticable.  On information and belief, the Facsimile Class and the Automated Call Class each have more than 1,000 members.  Moreover, the disposition of the claims of the Facsimile Class and the Automated Call Class in a single action will provide substantial benefits to all parties and the Court.

6.3   Adequacy.  Plaintiffs will fairly and adequately represent and protect the interests of the Facsimile Class and the Automated Call Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation, including TCPA class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of all members of the Facsimile Class and the Automated Call Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those members of the Facsimile Class and the Automated Call Class.

6.4   Typicality.  Plaintiffs' claims are typical of the claims of the Facsimile Class and the Automated Call Class.  Plaintiffs' claims, like the claims of the Facsimile Class and the Automated Call Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5   Commonality. Many common questions of law and fact exist between the claims of Plaintiffs and the other members of the Facsimile Class and the Automated Call Class.  These common questions of law and fact include, but are not limited to, the following:

   a.   As to the Facsimile Class, whether Defendants and/or their affiliates, agents, and/or others acting on Defendants' behalf made unsolicited

Junk Fax advertisements to Plaintiff Bee and members of the Facsimile Class in violation of 47 U.S.C. § 227 and 46 CFR § 64.1200;

   b. As to the Automated Call Class, whether Defendants and/or their affiliates, agents, and/or entities acting on Defendants' behalf made calls to Plaintiff Chick and members of the Automated Call Class using an autodialer or pre-recorded messages in violation of 47 U.S.C. § 227(b)(1)(A); and 46 CFR § 64.1200;

   c. As to both classes, whether Defendants and/or its affiliates, agents, and/or others acting on Defendants' behalf should be enjoined from violations 47 U.S.C. § 227 and 46 CFR § 64.1200 in the future; and

   d. As to both classes, whether Defendants knowingly and/or willfully violated 47 U.S.C. § 227 thus entitling Plaintiffs and members of the Facsimile Class and the Automated Call Class to treble damages.

   e. <u>Predominance.</u>  Defendants engaged in a common course of conduct toward Plaintiffs and the Facsimile Class and the Automated Call Class. The common issues arising from the conduct that affect Plaintiffs and the members of the Facsimile Class and the Automated Call Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

  6.6 <u>Superiority.</u>  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of individual members of the Facsimile Class and the Automated Call Class in individually controlling the prosecution of separate claims against the Defendants is small because the damages for in an individual action for violations of the TCPA are small.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication,

provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

## VII.  FIRST CLAIM FOR RELIEF
### (Negligent Violations of 47 U.S.C. § 227(b)(1)(c) – Junk Faxes)

7.1    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

7.2    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(C).

7.3    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), Plaintiff Bee and members of the Facsimile Class are entitled to an award of $500 in statutory damages for each and every negligent facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4    Plaintiff Bee and members of the Facsimile Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(C), in the future.

## VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act OF 47 U.S.C. § 227(b)(1)(c) – Junk Faxes)

8.1    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

8.2    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(C).

8.3     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(C), Plaintiff Bee and members of the Facsimile Class are entitled to treble damages of up to $1,500 for each and every knowing and/or willful facsimile in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

8.4     Plaintiff Bee and members of the Facsimile Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(C), in the future.

## IX.  THIRD CLAIM FOR RELIEF
### (Negligent Violations of the Telephone Consumer Protection Act, 47 U.S. C. § 227(b)(1)(A) – Automated Calls)

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     The foregoing acts and omissions of Defendants knowing and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

9.3     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff Chick and members of the Automated Call Class are entitled to an award of $500 in damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

9.4     Plaintiff Chick and members of the Automated Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## X. FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Automated Calls)

10.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs

10.2 The foregoing acts and omissions of the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

10.3 As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff Chick and members of the Automated Call Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

10.4 Plaintiff Chick and members of the Automated Call Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## XI. RELIEF REQUESTED

Plaintiffs request the Court enter judgment against Defendants as follows:

A. Certification of both the Facsimile Class and the Automated Call Class;

B. Appointment of Plaintiff Bee as representative of the Facsimile Class;

C. Appointment of Plaintiff Chick as representative of the Automated Call Class;

D. Appointment of the undersigned counsel as counsel for the Facsimile Class and the Automated Call Class;

E. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

F. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

G. An award of damages to Plaintiffs, the Facsimile Class and the Automated Call Class as allowed by law;

H. An award to Plaintiffs, the Facsimile Class, and the Automated Call Class of attorneys' fees and costs, as allowed by law and/or equity;

I. Leave to amend this Complaint to conform to the evidence presented at trial; and

J. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XII. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 13th day of |
| 2 | December, 2013. |

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By: /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Michael D. Daudt, CSB #161575
Email: mdaudt@tmdwlaw.com
Whitney B. Stark, CSB #234863
Email: wstark@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 358-3528

Stefan Coleman (*Pro Hac Vice Admission Application to be Filed*)
Email: law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiffs*