1  Beth E. Terrell, CSB #178181
   Email: bterrell@tmdwlaw.com
2  Michael D. Daudt, CSB #161575
   Email: mdaudt@tmdwlaw.com
3  Mary B. Reiten, CSB #203412
4  Email: mreiten@tmdwlaw.com
   Whitney B. Stark, CSB #234863
5  Email: wstark@tmdwlaw.com
6  TERRELL MARSHALL DAUDT
7    & WILLIE PLLC
   936 North 34th Street, Suite 300
8  Seattle, Washington 98103-8869
9  Telephone: (206) 816-6603

10 [Additional counsel appear on signature page]

11 *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Complaint Filed: 11/5/13<br><br>DEMAND FOR JURY TRIAL<br><br>Honorable Cynthia Bashant<br><br>DATE: October 20, 2014<br>TIME: 10:30 a.m.<br>COURTROOM: 4B, 4th Fl. Schwartz<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION .................................................................................................1

II.  REPLY .................................................................................................................2

    A.   The Numerosity Requirement Is Satisfied ................................................2

    B.   Common Issues Predominate ....................................................................5

    C.   The Named Plaintiffs Are Typical and Adequate .....................................7

        1.   Typicality Is Satisfied .......................................................................7

        2.   Adequacy Is Satisfied .......................................................................8

    D.   A Class Action Is Superior .......................................................................9

    E.   Defendants Suffered No Prejudice by Receiving the Reiten Declaration Shortly After the Midnight Filing Deadline ...........................................................................................................10

III. CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

Page No.

### FEDERAL CASES

*Adams v. City of Laredo*,
 No. L–08–165, 2011 WL 1988750 (S.D. Tex. May 19, 2011) .................. 10

*Ades v. Omni Hotel Mgmt. Corp.*,
 No. 2:13-cv-02468-CAS(MANx), 2014 WL 4627271
 (C.D. Cal. Sept. 8, 2014) ............................................................................ 4

*Agne v. Papa John's Int'l, Inc.*,
 286 F.R.D. 559 (W.D. Wash. 2012) ....................................................... 4, 5

*Arnold Chapman & Paldo Sign & Display Co. v. Wagener*,
 747 F.3d 489 (7th Cir. 2014) ...................................................................... 2

*Birchmeier v. Caribbean Cruise Line, Inc.*,
 No. C12-4069, ---F.R.D.--- , 2014 WL 3907048
 (N.D. Ill. Aug. 11, 2014) ......................................................................... 2, 4

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ............................................................ 7, 8, 9

*Hanon v. Dataprods. Corp.*,
 976 F.2d 297 (9th Cir. 1992) ...................................................................... 8

*Hinman v. M & M Rental Ctr., Inc.*,
 545 F. Supp. 2d 802 (N.D. Ill. 2008) ....................................................... 2, 5

*Mayes v. Winco Holdings, Inc.*,
 No. 4:12–CV–00307–EJL–CWD, 2014 WL 1652661
 (D. Idaho April 23, 2014) ......................................................................... 10

*Ries v. Arizona Beverages USA LLC*,
 287 F.R.D. 523 (N.D. Cal. 2012) ............................................................... 2

*Stemple v. QC Holdings, Inc.*,
    No. 12-cv-01997-AS(WVG), 2014 WL 4409817
    (S.D. Cal. Sept. 5, 2014) .................................................................................. 2

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ......................................................................... 10

**FEDERAL STATUTES**

47 U.S.C. § 227(b)(1)(B) .......................................................................................... 7

47 U.S.C. § 227(b)(3)(B) .......................................................................................... 9

**FEDERAL RULES**

47 C.F.R. § 64.1200(a) .............................................................................................. 6

47 C.F.R. § 64.1200(f)(10) ........................................................................................ 5

Fed. R. Civ. P. 23(b)(3) ............................................................................................. 9

Fed. R. Civ. P. 23(c)(3) ............................................................................................. 9

## I. INTRODUCTION

In the guise of opposing class certification, Defendants vigorously argue the merits of this case. Indeed, the cornerstone of Defendants' position is that Plaintiffs allegedly have no evidence to substantiate their claim that Defendants retained vendors who sent thousands of unsolicited faxes and placed thousands of unsolicited calls to small business owners. This assertion is easily disposed of. Plaintiffs have submitted class member declarations, deposition testimony, documentary evidence and third-party call records linking Defendants to the unlawful faxes and calls at issue in this case.[1]

Nevertheless, Defendants insist that they did not send faxes or place calls but instead relied on two vendors — Absolute Fax and Message Communications — to "generate marketing leads." Incredibly, Defendants maintain that they had no idea that Absolute Fax sent faxes on their behalf despite the fact that Absolute Fax engages exclusively in fax marketing. Defendants also disavow any connection to unlawful robocalls even though Defendant Narin testified at his deposition that he understood Message Communications used an autodialer to "broadcast" automated messages. The Court should disregard these and many other unsubstantiated and, frankly, illogical assertions that riddle Defendants' brief, including the claim that individualized choice of law issues defeat predominance: This action was brought pursuant to the federal TCPA. No variations in state law exist.

---

[1] Defendants erroneously challenge many of the facts Plaintiffs reference in their brief. Plaintiffs have submitted a chart indicating evidence in the record showing Defendants' assertions are misplaced. Supp. Reiten Decl. ¶ 2.

Plaintiffs have amply demonstrated that Defendants' unlawful marketing practices give rise to common issues that are suitable for class-wide adjudication. For these reasons, the Court should grant Plaintiffs' motion and certify this case as a class action.

## II. REPLY

### A. The Numerosity Requirement Is Satisfied

Defendants' primary challenge to certification is that Plaintiffs have not satisfied Rule 23(a)(1)'s numerosity requirement, contending Plaintiffs "submit no actual evidence" that the class members they identify "are linked" to the Defendants. Defs' Br. at 11:23–12:1. As an initial matter, "there is no requirement that the identity of the class members … be known at the time of certification." *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-AS(WVG), 2014 WL 4409817 (S.D. Cal. Sept. 5, 2014) (citing *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 536 (N.D. Cal. 2012)); *Arnold Chapman & Paldo Sign & Display Co. v. Wagener*, 747 F.3d 489, 492 (7th Cir. 2014) (noting "a class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit"); *Birchmeier v. Caribbean Cruise Line, Inc.,* No. C12-4069, ---F.R.D.---, 2014 WL 3907048 (N.D. Ill. Aug. 11, 2014) (explaining that a court "need not ascertain absent class members' actual identities before a class can be certified"). Instead, courts are permitted to "make common sense assumptions determining numerosity." *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 805–06 (N.D. Ill. 2008).

There is ample evidence that would permit this Court to make a common sense assumption that numerosity is satisfied. Defendants have admitted they

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 2 -                    3:13-cv-02654-BAS-WVG

retained vendors Absolute Fax and Message Communications to generate "marketing leads." (Ex. 5 (Dkt. 25) at 19–25; Ex. 1 (Dkt. 24) at 38:6–12, 28:21–31:23). Defendants have admitted they did not have a prior business relationship with or receive prior express consent from "any person" to whom faxes were sent or calls placed. (Dkt. 25 at 8:6–8, 15–18.) There is no dispute that Absolute Fax exclusively engages in fax marketing (Ex. 6 (Dkt. 25); Day Decl., Ex. 3 (Dkt. 27-1)) or that Message Communications uses an autodialer and prerecorded voice to "broadcast" voice messages over the phone (Ex. 1 (Dkt. 24) at 30:10–31:5.). Named Plaintiff Bee and at least eight other small business owners received substantially uniform faxes, advertising short term business loans and encouraging the fax recipient to call a toll-free number. (Exs. 8–10 (Dkt. 25) (faxes sent to Bee); Dkt 23-2 – 23-8 (declarations with attached faxes); Dkt. 23-9 (same).) The numbers these class members were encouraged to call all had been rented by Capital Alliance, using the alias "Joe Starky." (Supp. Reiten Decl. ¶ 3, Ex. 14; Hoover Decl. ¶ 8[2].) Records received from the company that maintains registration information relating to Joe Starky's numbers indicate that 734,255 calls from 458,413 unique numbers were placed to toll-free numbers rented by Capital Alliance, aka "Joe Starky." (Hoover Decl. (Dkt. 23-11) ¶ 27.) Plaintiff Chick received a call from the number (888) 364-6330 with a prerecorded message about preapproval for a business loan. If this number is called, a Capital Alliance representative answers. (*Id.* ¶ 9.) Call records indicate that at least

---

[2] Defendants seek to strike paragraph 8 of the Hoover Declaration on the ground that it contains hearsay. Def's Br. at 7. Plaintiffs respectfully submit a supplemental declaration from Ms. Hoover curing these objections. *See generally* Hoover Decl.

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 3 -                3:13-cv-02654-BAS-WVG

33,406 calls were placed to this number. (*Id.* ¶ 27.)[3] Numerosity is satisfied for both classes.

To the extent Defendant actually is challenging class ascertainability, such challenges also should be rejected. Third parties maintain call records for class members who called toll-free numbers listed on faxes and assigned to Capital Alliance, aka "Joe Starky." Plaintiffs can obtain the names and addresses associated with these numbers through publicly-maintained "reverse lookup" directories. *See Ades v. Omni Hotel Mgmt. Corp.*, No. 2:13-cv-02468-CAS(MANx), 2014 WL 4627271, *6 (C.D. Cal. Sept. 8, 2014). Even if these call records are over or underinclusive, the court can use creative solutions, such as allowing potential class members to present objective evidence of illegal faxes or calls (for example by submitting their own records). *Birchmeier*, 2014 WL 3907048 at *6–7; *see also Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566, 571–72 (W.D. Wash. 2012) (explaining if Defendants did not have records of illegal text messages then claim forms could be used to identify class members).

Plaintiffs also are working to subpoena fax records from Absolute Fax, which is based in London. Supp. Reiten Decl. ¶ 7. If the Court has concerns about Plaintiffs' ability to identify the class, Plaintiffs respectfully request that they be permitted to supplement the record. In the end, the fact that Defendants have failed to maintain records of their unlawful marketing tactics and have gone to great lengths to disguise their identities should not prevent class certification. *See Birchmeier*, 2014 WL 3907048 at *7 (limiting a class to only those persons

---

[3] To trace the numbers, Plaintiffs' Counsel also called the toll-free numbers listed on the faxes they received from Class members, including the declarants. Capital Alliance answered these calls. (*See* Strauss Decl.; Supp. Hoover Decl.)

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 4 -                          3:13-cv-02654-BAS-WVG

whose defendants own records show were class members "would create an incentive for a person to violate the TCPA on a mass scale and keep no records of its activity, knowing that it could avoid legal responsibility for the full scope of its illegal conduct").

## B. Common Issues Predominate

In challenging the existence of commonality and predominance, Defendants essentially make the same arguments that they made in the context of numerosity. *See* Defs' Br. at 14:19–25. They fare no better this time around.

Here, common issues abound because class members received the same faxes or calls, made on behalf of the same Defendants, by the same vendors, using the same technology, and resulting in the same injury. *See Hinman*, 545 F. Supp. 2d at 806 (finding commonality satisfied where defendant engaged in a "standard course of conduct," of transmitting "fax broadcasts [] en masse"); *Agne*, 286 F.R.D. at 567. Defendants also assert the same common defense, maintaining they did not send the faxes or place the calls at issue but instead retained vendors to generate marketing leads and relied on those vendors' purported established business relationship ("EBR") with each person called for TCPA compliance. Such reliance has been misplaced. For unsolicited faxes, the EBR defense applies only to "senders," which the TCPA defines as "the person or entity <u>on whose behalf</u> a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10) (emphasis added). Absolute Fax sent faxes on Defendants' behalf. Therefore, Defendants must demonstrate that they had an EBR with persons to whom the faxes were sent. They cannot. Defendants

Case 3:13-cv-02654-BAS-WVG   Document 28   Filed 09/26/14   PageID.611   Page 10 of 16

admitted in their discovery responses that they did not have an EBR with any person to whom the faxes were sent.

As for automated calls, an EBR has never been a defense to a claim that automated calls were placed to a cellular telephone. *See* 47 C.F.R. § 64.1200(a)(1)(iii), (2). For unlawful telephone solicitations to a residence, the FCC abolished the EBR defense in 2013. *Compare* 47 C.F.R. § 64.1200(a)(2) (2012) *with* 47 C.F.R. § 64.1200(a)(2) (2013). Even before the change, however, the EBR defense required proof that the subscriber had purchased or inquired about the caller's products or services within a certain time period. Here, no evidence exists that either Absolute Fax or Message Communications ever had such a relationship with any person they faxed or called. Regardless of the outcome on the merits, resolution of this key dispute is the central common question that will drive resolution of the litigation for every class member.

Defendants also focus on the merits when addressing the other common issues that Plaintiffs identified in their motion including (1) whether Narin can be held vicariously liable for TCPA violations; (2) whether Narin can be held directly liable for TCPA violations; (3) whether the opt-out provisions included on the unsolicited faxes comply with the TCPA; and (4) whether Defendants used an ATDS as defined by the TCPA to place the autodialed calls. For example, Defendants assert there is no evidence that Narin "acted as a [sic] individual regarding his communications with Absolute Fax or Message Communications" or that Narin "knew or could of known that the third party vendors were violating the TCPA, assuming violations occurred, a contention which defendants dispute" (Defs' Br. at 5:3–8) and contend that the opt-out language on the faxes complies with the TCPA. *See* Defs' Br. at 7:13–25. Plaintiffs disagree and have provided

- 6 -

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
3:13-cv-02654-BAS-WVG

evidence to the contrary. That said, Defendants' assertions bolster a finding of predominance because they apply equally to all class members and demonstrate that these key issues can and should be resolved on a classwide basis.

The only alleged individualized issue that Defendants raise — purported variations in state law — is puzzling. Plaintiffs allege federal claims under the TCPA only. These claims do not vary state to state. *See* Plfs' Memo (Dkt. 26) at 14:20–16:6 (collecting cases from across the country certifying TCPA claims).

### C. The Named Plaintiffs Are Typical and Adequate

#### 1. Typicality Is Satisfied

Typicality is satisfied because Plaintiffs received at least one autodialed call or unsolicited fax advertising Defendants' "quick and simple" business loans and suffered the same injuries, which gave rise to the same TCPA claim and right to recover statutory damages. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (typicality satisfied where named Plaintiffs' claims "are reasonably coextensive with those of absent class members"). Nevertheless, Defendants challenge typicality on several grounds all of which are meritless.

Defendants wrongly maintain that Plaintiff Chick is not typical of automated call class members because he received an automated call to a business rather than a residential telephone. Defs' Br. (Dkt. 27) at 12:9–18. Plaintiffs' proposed automated call class includes individuals who received a call with a prerecorded message on either their cellular or residential telephone line. The TCPA prohibits both types of calls. 47 U.S.C. § 227(b)(1)(B). Plaintiff Chick received an autodialed call from Capital Alliance on his cellular telephone.[4]

---

[4] Defendants erroneously suggest that they could not have known that Plaintiff Chick received the call on his cellular telephone because his calls were

Therefore, his claims are reasonably coextensive with automated call class members. *See Hanlon*, 15 F.3d at 1020.

Defendants' speculations that Plaintiff Chick may be atypical because some class members might have had an established business relationship with Defendants' vendor, Message Communications, and/or received a call not a part of Defendants' advertising are equally unavailing. As discussed above, Defendants' EBR defense finds no support in the TCPA or its interpreting regulations. Defendants' assertion that some call recipients may have received calls unrelated to Defendants' advertisements finds no support in the record. Defendants retained Message Communications specifically to broadcast prerecorded messages that advertised Defendants' product. (Ex. 1 at 31:8–23.)

Defendants' challenges to the merits of Plaintiff Bee's claims also do not defeat typicality. Plaintiffs allege that the same course of conduct — Defendants' retaining a vendor that exclusively sent faxes in order to obtain marketing leads — injured Plaintiff Bee and all class members. Defendants fail to identify any conduct or defense that is unique to Plaintiff Bee. Typicality is satisfied. *See Hanon v. Dataprods. Corp.*, 976 F.2d 297, 508 (9th Cir. 1992).

2. <u>Adequacy Is Satisfied</u>

Rule 23's adequacy requirement also is easily satisfied. Defendants do not challenge the adequacy of counsel and would have no basis to do so. Similarly,

---

automatically forwarded from his landline. Def's Br. (Dkt. 27) at 8:24–9:2. Indeed, Defendants omit the fact that Plaintiff Chick stopped forwarding his calls in this manner around 2000. Supp. Reiten Decl., Ex. 17 at 23:4 – 26:12. At the time he received Defendants' call in 2013, his telephone number long had been used for cellular service only.

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 8 -    3:13-cv-02654-BAS-WVG

Plaintiffs are more than adequate because they are committed to vigorously prosecuting the claims of the proposed classes and have no antagonistic interests. *Hanlon*, 150 F.3d at 1020. Rather than address the standard for adequacy, Defendants repeat the same erroneous arguments they raise regarding typicality and should similarly be rejected.

**D.    A Class Action Is Superior**

Although Defendants recite the four factors that Courts consider when determining superiority (*see* Fed. R. Civ. P. 23(b)(3)(A) – (D)), they fail to address any of them. Instead, Defendants again repeat the assertion that class certification is improper because Plaintiffs have not identified class members with "legitimate claims" or who are "willing to join the class." Defs' Br. (Dkt. 27) at 15:15–17. This is not the test. Plaintiffs are not required to identify class members at this stage in the proceedings and potential class members are not required to "join" the class. *See* Fed. R. Civ. P. 23(c)(3) (judgment is binding on all individuals to whom notice of the certified action was directed, "who have not requested exclusion," and whom the court finds to be class members).

Here, all four factors favor certification. Class members have little incentive to control litigation because the amount they are entitled to recover under the TCPA is low—$500 to $1500 per call. *See* 47 U.S.C. § 227(b)(3)(B), (C). By contrast, the costs to retain an attorney to gather the evidence (much of which is in the hands of third parties) to prove an individual claim would be high. No evidence exists that class members have commenced individual actions against Defendants. Defendants have failed to identify any individualized issues that might present management concerns. Instead, the trial will focus on resolution of the common legal and factual questions set forth above. Unless the

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 9 -                    3:13-cv-02654-BAS-WVG

case proceeds as a class action, these key legal issues would have to be repeatedly litigated in numerous individual actions. A class action is simply "the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175–76 (9th Cir. 2010).

### E. Defendants Suffered No Prejudice by Receiving the Reiten Declaration Shortly After the Midnight Filing Deadline

Defendants seek to strike pleadings filed shortly after the September 5, 2014 midnight deadline. Plaintiffs apologize for the late submission but respectfully submit that striking the pleadings is unwarranted. Courts decline to strike pleadings filed shortly after a deadline where the delay does not prejudice the opposing party. *See Mayes v. Winco Holdings, Inc.*, No. 4:12–CV–00307–EJL–CWD, 2014 WL 1652661, * 6 (D. Idaho April 23, 2014) (denying motion to strike pleadings filed 20 minutes after midnight); *Adams v. City of Laredo*, No. L–08–165, 2011 WL 1988750, *4, n. 6 (S.D. Tex. May 19, 2011) (declining to strike pleadings filed shortly after midnight deadline).

Here, Defendants do not even attempt to argue that they were prejudiced by any tardiness; nor could they. Plaintiffs filed the Reiten Declaration only a few short minutes after midnight and the corrected memorandum merely fixed typos and clerical errors found in the originally filed brief. Defendants' request to strike these pleadings should be denied.

### III. CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the Court certify the class, appoint Terrell Marshall Daudt & Willie PLLC as class counsel, and order class counsel to submit a notice plan and form to the Court.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 26th day of |
| 2 | September, 2014. |
| 3 | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| 5 | |
| 6 | By: /s/ Beth E. Terrell, CSB #178181 |
| | Beth E. Terrell, CSB #178181 |
| 7 | Email: bterrell@tmdwlaw.com |
| | Michael D. Daudt, CSB #161575 |
| 8 | Email: mdaudt@tmdwlaw.com |
| 9 | Mary B. Reiten, CSB #203412 |
| | Email: mreiten@tmdwlaw.com |
| 10 | Whitney B. Stark, CSB #234863 |
| 11 | Email: wstark@tmdwlaw.com |
| | 936 North 34th Street, Suite 300 |
| 12 | Seattle, Washington 98103-8869 |
| 13 | Telephone: (206) 816-6603 |
| | Facsimile: (206) 358-3528 |
| 14 | |
| 15 | Stefan Coleman |
| | Email: law@stefancoleman.com |
| 16 | LAW OFFICES OF STEFAN COLEMAN |
| 17 | 201 South Biscayne Boulevard, 28th Floor |
| | Miami, Florida 33131 |
| 18 | Telephone: (877) 333-9427 |
| | Facsimile: (888) 498-8946 |
| 19 | |
| 20 | *Attorneys for Plaintiffs* |

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 11 -         3:13-cv-02654-BAS-WVG

# CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on September 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Timothy Q. Day, CSB #188732
> Email: tday@homan-stone.com
> HOMAN & STONE
> 12 North Fifth Street
> Redlands, California 92373
> Telephone: (909) 307-9380
> Facsimile: (909) 793-0210
>
> *Attorneys for Defendants*

DATED this 26th day of September, 2014.

> TERRELL MARSHALL DAUDT
> & WILLIE PLLC
>
>
> By: /s/ Beth E. Terrell, CSB #178181
> Beth E. Terrell, CSB #178181
> Email: bterrell@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528
>
> *Attorneys for Plaintiffs*

REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION
- 12 -    3:13-cv-02654-BAS-WVG