Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>            Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW**<br><br>Complaint Filed:  11/5/13<br><br>Honorable Cynthia Bashant<br><br>DATE:            June 27, 2016<br>TIME:<br>COURTROOM:  4B, 4th Fl. Schwartz<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

| | | |
|---|---|---|
| 1 | DANIELA TORMAN, individually and on behalf of all others similarly situated, | |
| 2 | | NO. 3:14-cv-02915-JLS-MDD |
| 3 | v. | Honorable Janis L. Sammartino |
| 4 | CAPITAL ALLIANCE GROUP d/b/a | |
| 5 | CAPITAL ALLIANCE d/b/a BANKCAPITAL d/b/a | |
| 6 | BANKCAPITAL DIRECT d/b/a | |
| 7 | TRUSTED BANCORP, NARIN CHARANVATTANAKIT a/k/a | |
| 8 | NARAN CHARAN a/k/a CLAYTON HEATH, and JOHN DOES 1-10, | |
| 9 | | |
| 10 | Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

# TABLE OF CONTENTS

**Page No.**

I.   STATEMENT OF FACTS ......................................................................1

    A.   Substantive Allegations .........................................................1

    B.   Procedural History .................................................................3

II.  THE PROPOSED SETTLEMENT ....................................................5

    A.   The Settlement Classes ..........................................................5

    B.   Settlement Relief ....................................................................6

        1.   Injunctive Relief Parameters ......................................6

        2.   Class Representative Service Awards..........................8

        3.   Attorneys' Costs..........................................................8

        4.   Notice ..........................................................................9

        5.   No Release by Settlement Class Members ................9

III. ARGUMENT........................................................................................ 9

    A.   The Settlement Approval Process ....................................... 9

    B.   The Criteria for Settlement Approval Are Satisfied .........11

        1.   The Settlement Resulted from Extensive, Arm's-Length
            Negotiations and Is Not the Result of Collusion ...................11

        2.   Class Counsel Have Secured Valuable Relief for the
            Class Regarding Defendants' Business Practices.................12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

- i -

3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

3.   Continued Litigation Is Likely to Be Complex, Lengthy, Risky, and Expensive .................................................. 14

C.   The Proposed Class Notice Satisfies Due Process ........................... 14

D.   Plaintiffs' Requested Costs Are Reasonable .................................... 16

E.   The Court Should Grant Class Certification for Settlement Purposes ............................................................................................. 16

1.   The Rule 23(a) Factors Are Met ............................................... 17

a.   Numerosity ..................................................................... 17

b.   Commonality .................................................................. 18

c.   Plaintiffs' Claims Are Typical of the Settlement Class ............................................................................... 19

d.   The Named Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class ............................................................................... 20

F.   The Requirements of Rule 23(b)(2) Are Met .................................. 20

G.   Scheduling a Final Approval Hearing Is Appropriate .................... 21

IV.   CONCLUSION ........................................................................................ 22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- ii -

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Agne v. Papa John's Int'l,*
   286 F.R.D. 559 (W.D. Wash. Nov. 9, 2012)...............................................19

*Amchem Prods. v. Windsor,*
   521 U.S. 591 (1997) ...................................................................................20

*CE Design v. Beaty Const., Inc.,*
   07 C 3340, 2009 WL 192481 (N.D. Ill. Jan. 26, 2009)..............................19

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992) ......................................................................9

*Dennis v. Kellogg, Co.,*
   09-cv-1786-IEG(WMC), 2013 WL 1883071 (S.D. Cal. May 3, 2013)......11

*Grant v. Capital Mgmt. Servs., L.P.,*
   No. 10-cv-2471-WQH (BGS), 2014 WL 888665
   (S.D. Cal. Mar. 5, 2014) .............................................................................13

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ......................................................10, 11, 17

*Hanon v. Dataprods. Corp.,*
   976 F.2d 497 (9th Cir. 1992) ......................................................................19

*In re Immune Response Sec. Litig.,*
   497 F. Supp. 2d 1166 (S.D. Cal. 2007) ......................................................16

*In re Media Vision Tech. Sec. Litig.,*
   913 F. Supp. 1362 (N.D. Cal. 1996).............................................................16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- iii -                           3:13-cv-02654-BAS-WVG
                                  3:14-cv-02915-JLS-MDD

*In re Online DVD*,
    779 F.3d 934 (9th Cir. 2015) ........................................................11

*Johnson v. Shaffer*,
    No. 2:12–cv–1059 KJM AC, 2013 WL 5934156 (E.D. Cal.
    Nov. 1, 2013) ........................................................................21

*Kavu, Inc. v. Omnipak Corp.*,
    246 F.R.D. 642 (W.D. Wash. Jan. 23, 2007) .............................19

*Kim v. Space Pencil, Inc.*,
    C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012).................13

*Lane v. Facebook*,
    696 F.3d 811 (9th Cir. 2012) ......................................................10

*Lerwill v. Inflight Motion Pictures*,
    582 F.2d 507 (9th Cir. 1978) ......................................................20

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
    268 F.R.D. 670 (W.D. Wash. 2010) ..........................................17

*Mims v. Arrow Fin. Servs., LLC*,
    132 S.Ct. 740 (2012).................................................................13

*Multi–Ethnic Immigrant Workers Org. Network v. City of Los Angeles*,
    246 F.R.D. 621 (C.D. Cal. 2007)..............................................14

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .................................................................14

*Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc.*,
    303 F.R.D. 337 (E.D. Cal. 2014).............................................17

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) .................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

- iv -        3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

*Reliable Money Order, Inc., v McKnight Sales Co., Inc.,*
    281 F.R.D. 327 (E.D. Wis. 2012) ................................................................18

*Smith v. CRST Van Expedited, Inc.,*
    No. 10–CV–1116–IEG (WMC) 2013 WL 163293
    (S.D. Cal. Jan. 14, 2013) ............................................................................10

*Stern v. DoCircle, Inc.,*
    No. SACV 12-2005 AG JPRX, 2014 WL 486262 (C.D. Cal.
    Jan. 29, 2014) ............................................................................................18

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ...................................................................................15

*Whitaker v. Bennett Law, PLLC,*
    No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) ....18

*Yaffe v. Powers,*
    454 F.2d 1362 (1st Cir. 1972) ...................................................................15

**FEDERAL RULES**

Fed. R. Civ. P. 23(a)(3) ....................................................................................19

Fed. R. Civ. P. 23(a)(4) ....................................................................................20

Fed. R. Civ. P. 23(b)(2) ...............................................................................*passim*

Fed. R. Civ. P. 23(e)(1) ....................................................................................14

Fed. R. Civ. P. 23(e)(2) ....................................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- v -            3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

**OTHER AUTHORITIES**

Manual for Complex Litig. (4th ed. 2004) ........................................................14

William B. Rubenstein, *Newberg on Class Actions* § 13.1
    (5th ed. updated 2015) ...............................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

Plaintiffs and Defendants have reached a proposed class action settlement in this case involving claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA").

The settlement provides injunctive relief to two Settlement Classes, consisting of significant changes to the way in which Defendants obtain and memorialize the receipt of consent from consumers to receive fax transmissions and prerecorded calls on their cell phones; requiring Defendants to subscribe to the national do-not-call registry; changes to policies and procedures for training staff with respect to the requirements of the TCPA and compliance with the TCPA; and submission to a two-year reporting period in which Defendants are to certify compliance with the injunction on a bi-annual basis.

For these reasons and those that follow, Plaintiffs respectfully request the Court: (1) grant preliminary approval of the Class Action Settlement Agreement; (2) provisionally certify the two proposed Settlement Classes pursuant to Fed. R. Civ. P. 23(b)(2); (3) approve the proposed notice plan and find that it satisfies due process; and (4) schedule the final fairness hearing and related dates.

## I. STATEMENT OF FACTS

### A.   Substantive Allegations

Defendants Capital Alliance and Narin Charanvattanakit ("Narin") match lenders with small businesses seeking loans. *See* NO. 3:13-cv-02654-BAS-WVG ("Bee Case"), Dkt. No. 23-1. Capital Alliance promises a "quick and simple" way for small businesses to get cash. *Id.* Capital Alliance funds loans quickly, sometimes within a week of receiving an application. *Id.* The loans are generally unsecured and collect interest at rates higher than typical credit card interest of

12% to 14%. *Id.* At one time, Defendants employed forty-seven sales people, all of whom primarily fielded inbound phone calls from prospective borrowers. *Id.*

To obtain customers, Defendants retained vendor Absolute Fax to solicit business through junk fascimiles. *See Bee Case*, Dkt. No. 23-1. Absolute Fax touts itself as a "global fax broadcast provider" that "focuses on fax marketing and nothing else." *Id.* Capital Alliance also engages in mass telemarketing, using an autodialer to send prerecorded advertisements to millions of prospective customers. *Id.* Defendants paid Message Communications, a telemarketing company that leaves prerecorded messages, "for marketing leads" it generated through robocalling campaigns. *Id.*

Defendant Narin is heavily involved in Capital Alliance's operations, including its junk fax and telemarketing activities. *See Bee Case*, Dkt. No. 23-1. As CEO of Capital Alliance, Narin manages daily operations, directs sales activities and motivates Capital Alliance's employees. *Id.* Narin's personal involvement extends to Capital Alliance's use of junk faxing and robocalling to solicit new business. *Id.* Narin is the person at Capital Alliance who knows the details regarding Capital Alliance's junk fax and telemarketing efforts. *Id.* Indeed, Narin was the point person at Capital Alliance regarding the company's junk fax marketing efforts. *Id.* He was also the point person regarding Capital Alliance's robocalling telemarketing campaigns and personally provided the content for the prerecorded messages used by Message Communications. *Id.*

Plaintiffs allege that Defendants have sent junk faxes to 558,022 small business owners, including Plaintiff Bee, soliciting their business. Bee Case, Dkt. No. 23-1; *see also* Declaration of Beth E. Terrell in Support of Motion for Preliminary Approval ("Terrell Decl."), ¶ 15. Capital Alliance is not identified

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

on these faxes.  Instead, Capital Alliance uses a number of aliases to disguise the fact that Capital Alliance has caused the fax to be transmitted.  Bee Case, Dkt. No. 23-1.  These aliases include "Community," "Community Business Funding," "Fast Working Capital," "Snap Business Funding," "Zoom Capital," "Nextday Business Loans," "3DayLoans," "Bank Capital," "FundQuik," "Prompt," and "Simple Business Funding."  *Id.*  Despite the disguise, the faxes sent using these names are easily traceable to Capital Alliance.  *Id.*

In addition to sending junk faxes to obtain business, Defendants also engage in illegal robocalling.  Bee Case, Dkt. No. 23-1.  Based on information obtained by Plaintiffs obtained by subpoena, Defendants made prerecorded calls to 9,424 unique cell phone numbers.  Terrell Decl. ¶ 15.  For example, on December 6, 2013, Plaintiff Chick received a telephone call from Defendants, or on Defendants' behalf, with a prerecorded message about preapproval for a business loan.  *Id.*  Similarly, Plaintiff Torman received four prerecorded messages from Defendants, or on Defendants' behalf, soliciting Defendants' loans.  *See* NO. 3:14-cv-02915-JLS-MDD ("Torman Case"), Dkt. No. 1.

**B.    Procedural History**

Judy Bee, on behalf of Plaintiff Bee, Denning, Inc., initiated this class action lawsuit against Defendant Capital Alliance Group on November 5, 2013 on behalf of herself and other similarly situated individuals who received unwanted, unauthorized, faxes advertising a short term business loan.  Bee Case, Dkt. No. 1.  One month later, Plaintiff amended the complaint to add as a Defendant Narin Charanvattanakit, as well as Plaintiff Gregory Chick, on behalf of himself and other similarly situated individuals who received unwanted, unauthorized prerecorded messages on their cellular telephones.  *Id.*, Dkt. No. 6.

1    In 2014, Plaintiff Daniela Torman brought a separate class action lawsuit

2    against Defendants in the District of Nevada.  On July 27, 2015, upon stipulation

3    of the Parties, the Nevada District Court ordered that the Torman Case be

4    transferred to the Southern District of California pursuant to the Ninth Circuit

5    first-to-file rule because it is substantially similar to the Bee Case.  *See* Torman

6    Case, Dkt. No. 22.  On September 29, 2015, Plaintiff Torman and the Defendants

7    jointly moved this Court to consolidate the Torman and Bee Cases.  *Id.*, Dkt. No.

8    31.  On October 5, 2015, the Court denied the joint motion to consolidate without

9    prejudice.  *Id.,* No. 32.  Contemporaneous with this motion, Plaintiff Torman has

10   renewed her motion to consolidate the two actions.

11   On September 5, 2015, after having engaged in extensive discovery,

12   including propounding written discovery to Defendants, issuing subpoenas to

13   third parties, and taking the depositions of Defendant Narin and Capital

14   Alliance's Operations Manager, Christina Duncan, the Plaintiffs in the Bee Case

15   moved for class certification.  *See* Bee Case, Dkt. No. 23-1.  The Court granted

16   Plaintiffs' motion on September 25, 2015.  *Id.*, Dkt. No. 39.

17   Subsequently, on December 10, 2015, the Parties participated in mediation.

18   *Id.*  Unable to reach an agreement, the Parties participated in a settlement

19   conference before Magistrate Judge Gallo on April 27, 2016.  Terrell Decl. ¶ 19.

20   As part of those discussions, Plaintiffs reviewed Defendants' financial

21   information.  *Id*. ¶ 17.  Based on this review, Plaintiffs determined that

22   Defendants had insufficient assets to provide financial relief to proposed class

23   members.  *Id.*  Moreover, even if there were available assets, they would first

24   need to satisfy hundreds of thousands of dollars in liens before any relief could go

25   to class members.  *Id.*

26   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
     MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION

27   SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
     PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND

28   INCORPORATED MEMORANDUM OF LAW
     - 4 -          3:13-cv-02654-BAS-WVG
                    3:14-cv-02915-JLS-MDD

Despite the stark reality of Defendants' finances, the Parties explored other ways to provide relief to class members during the settlement conferences. Terrell Decl. ¶ 19.  Although Defendants' finances made it impossible to provide monetary relief to class members, the Parties determined that class members would benefit from injunctive relief that required Defendants and any successors to make significant changes to its autodialing practices.  *Id.*  Since the settlement conference, counsel for Plaintiffs have worked rigorously with Defendants to reach a compliance plan that will provide appropriate relief to class members. *Id.*, Exh. 1 ("Settlement Agreement").

Now, after years of litigation, including extensive discovery, and a settlement conference over which the Hon. William V. Gallo presided, Plaintiffs and Defendants have entered into a Settlement Agreement.  Terrell Decl., Exh. 1. The terms of the Settlement Agreement, which require substantial injunctive relief, provide for a fair, reasonable, and adequate resolution of the claims of Plaintiffs and the Settlement Classes in light of the large number of class members and Defendants' limited financial resources.  *Id.*

## II. THE PROPOSED SETTLEMENT

**A.**   **The Settlement Classes**

The proposed settlement would establish two "Settlement Classes" defined as:

> Junk Fax Class:
>
> All persons or entities in the United States who, on or after November 5, 2009, were sent by or on behalf of Defendants one

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 5 -

3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.

Automated Call Class:

All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made by or on behalf of Defendants.

**B.    Settlement Relief**

1.    Injunctive Relief Parameters

The Settlement Agreement provides injunctive relief to the Settlement Classes that requires Defendants to stop practices that were previously part of their business model.  The injunctive relief consists of significant changes to the way in which Defendants obtain and memorialize the receipt of consent from consumers to receive fax transmissions and prerecorded calls on their cell phones; requiring Defendants to subscribe to the national do-not-call registry; changes to policies and procedures for training staff with respect to the requirements of the TCPA and compliance with the TCPA; and submission to a two-year reporting period in which Defendants are to certify compliance with the injunction on a bi-annual basis.  Settlement Agreement, § D.  Specifically:

a.    Defendants and Defendants' successors shall establish written procedures for TCPA compliance;

b.    Defendants and Defendants' successors shall conduct annual training sessions directed to TCPA compliance;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 6 -                          3:13-cv-02654-BAS-WVG
                              3:14-cv-02915-JLS-MDD

c.      Defendants and Defendants' successors shall maintain a list of telephone numbers of persons who request not to be contacted;

d.      Defendants and Defendants' successors shall subscribe to a version of the national do-not-call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance);

e.      Defendants and Defendants' successors shall establish internal processes to ensure that Defendants and Defendants' successors do not sell, rent, lease, purchase or use the do-not-call database in any manner except in compliance with TCPA regulations;

f.      Defendants and Defendants' successors shall scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use or prerecorded messages;

g.      Defendants and Defendants' successors shall not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature;

h.      All prerecorded messages, whether delivered by automated dialing equipment or not, must identify Capital Alliance or any successor entity, and the specific "d/b/a" as the entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again;

i.      All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. §§ 227(a)(4) must be preceded by the receipt of the express written permission of the intended recipient, including the intended recipient's signature;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

j.      Defendants and Defendants' successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements; and

k.      Defendants shall make a bi-annual report to Class Counsel outlining their compliance with the TCPA injunction and any issues that may have arisen.  Defendants agree to submit copies of any putative individual or class action lawsuits filed against them and asserting one or more claims pursuant to the TCPA during the reporting period to Class Counsel beginning 6 months from the date that this agreement is signed and every 6 months thereafter until expiration of the injunction.  Reports from Defendants are due on November 18, 2016, May 18, 2017, November 18, 2017, and May 18, 2018.

## 2.      Class Representative Service Awards

The Settlement Agreement also provides that each of the three Plaintiffs to receive $4,819 (collectively, $14,457) for his or her statutory damages and services as representatives of the Class.  Settlement Agreement ¶ 2.3.  These awards will compensate Plaintiffs for their time and effort and for the risk they undertook in prosecuting this case.

## 3.      Attorneys' Costs

Defendants have agreed to pay Class Counsel's costs in the amount of twenty-two thousand ninety-six dollars ($22,096).  Settlement Agreement ¶ 2.4. This amount, which does not include the attorneys' fees Class Counsel have incurred (and which are waived under the Settlement Agreement), is reasonable in light of the lengthy litigation.  *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 8 -                    3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

4. <u>Notice</u>

An additional benefit of the settlement, although not required by Rule 23(b)(2), is notice. Direct notice is impractical because Defendants' vendors did not keep records of the calls and faxes. Instead, Defendants would be required to pay a claims administrator to locate class members using a "reverse lookup" process estimated to cost $350,000. Terrell Decl. ¶ 18. Since Defendants' poor financial condition renders notice impractical, notice will be sent by via U.S. mail to States' Attorneys' General for dissemination to the public. Settlement Agreement ¶2.7. In addition, the claims administrator will create and maintain a website that provides information, including court documents, regarding the Settlement to the Settlement Class, and a call center where the Settlement Class can obtain information. *Id*. Defendants will be responsible for all costs of notice. Settlement Agreement ¶ 2.6.

5. <u>No Release by Settlement Class Members</u>

Although the named Plaintiffs have released all of their claims against Defendants, Class Members do not release their rights to pursue individual or collective damages claims against Defendants.

### III. ARGUMENT

**A. The Settlement Approval Process**

As a matter of "express public policy," federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class Actions* ("Newberg") § 13.1 (5th ed. updated 2015) (citing cases).

A court may approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court must "review[] the substance of the settlement . . . to ensure that it is 'fair, adequate, and free of collusion.'" *Lane v. Facebook*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). The Court is "not to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, nor is the proposed settlement to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Smith v. CRST Van Expedited, Inc.*, No. 10–CV–1116–IEG (WMC) 2013 WL 163293, at *2 (S.D. Cal. Jan. 14, 2013) (internal quotation marks and citation omitted). "In making this appraisal, courts have broad discretion to consider a range of factors such as [1] the strength of the plaintiff's case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement." *Id.* at *2–3 (internal quotation marks and citation omitted) (finding the proposed settlement "fair, adequate, and free of collusion" on the grounds that "the settlement is the product of arms-length negotiations by experienced counsel before a respected mediator, reached after and in light of years of litigation and ample discovery into the asserted claims").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

"[T]he Court need not conduct a full settlement fairness appraisal before granting preliminary approval; rather the proposed settlement need only fall within 'the range of possible approval.'" *Dennis v. Kellogg, Co.*, 09-cv-1786-IEG(WMC), 2013 WL 1883071, at *4 (S.D. Cal. May 3, 2013) (quoting *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D. Cal. 2008)). "Essentially, the court is only concerned with whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys." *Id.* (internal quotation marks and citation omitted).

As set forth in the following, the proposed settlement warrants preliminary approval.

## B.     The Criteria for Settlement Approval Are Satisfied

### 1.     The Settlement Resulted from Extensive, Arm's-Length Negotiations and Is Not the Result of Collusion

The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted); *see also In re Online DVD*, 779 F.3d 934, 944 (9th Cir. 2015) (noting settlements in class actions "present unique due process concerns for absent class members," including the risk that class counsel "may collude with the defendants") (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2010)).

Here, the proposed settlement was negotiated after years of litigation, followed by several months of highly contested settlement negotiations, including

a mediation and settlement conference.  Counsel for the Parties are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  Terrell Decl. ¶¶ 2-13, 24; *see also* Declaration of Candice E. Renka in Support of Preliminary Approval ("Renka Decl.") ¶ 4.  In negotiating this settlement, Class Counsel had the benefit of years of experience with class actions in general and a familiarity with the facts of this case in particular.  *Id*.  Moreover, the Parties benefitted from the Court's active participation throughout the negotiation process.  The fact that Plaintiffs achieved a good result for the Settlement Classes despite facing significant hurdles is a testament to the non-collusive nature of the proposed settlement.

> 2.  Class Counsel Have Secured Valuable Relief for the Class Regarding Defendants' Business Practices

The Settlement Agreement, which requires Defendants to change its business practices, provides significant value to the Settlement Class Members.  Prior to this litigation, Defendants had a pattern and practice of making prerecorded calls to cell phones without prior consent, and a pattern and practice of sending junk faxes advertising their products, in violation of the TCPA.  The benefit the Settlement Agreement provides to Members of the Settlement Classes is an injunction against further violations of the TCPA.  In addition to other requirements, during the two-year period in which the injunction is in effect, Defendants will implement policies and procedures and training geared toward ensuring TCPA compliance, and will obtain written consent before Defendants or their successors place calls to cell phones, or send faxes with unsolicited advertisements.

The injunctive relief obtained for the Settlement Classes comports with the purpose of the TCPA — to protect consumers from unwanted and harassing calls. *See Mims v. Arrow Fin. Servs., LLC,* 132 S.Ct. 740, 745 (2012).  Moreover, the relief is consistent with the injunctive relief approved in *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2014 WL 888665 (S.D. Cal. Mar. 5, 2014), a TCPA case involving similar facts.  There, the district court approved a Rule 23(b)(2) settlement that required the defendant to abide by injunctive terms that are similar to those here.  *Id.* at *2.  Specifically, the defendant was required to adopt identifying and blocking technology it did not previously employ to ensure it did not make unlawful calls, and to provide declarations under perjury every six months confirming compliance with the injunction.  *Id; see also Kim v. Space Pencil, Inc.,* C 11-03796 LB, 2012 WL 5948951, at *6 (N.D. Cal. Nov. 28, 2012) (granting final approval of settlement agreement under which class members only received injunctive relief, but class members were not bound by settlement agreement).

Although Class Counsel initially sought to settle the class claims pursuant to Rule 23(b)(3), they concluded after receipt of formal and informal discovery that a Rule 23(b)(3) settlement was not practicable.  Plaintiffs' counsel identified 558,022 unique fax numbers to which Defendants sent unsolicited faxes advertising Defendants' loans, and 9,424 unique cell phone numbers to which Defendants placed prerecorded calls absent any corresponding evidence of consent.  Terrell Decl. ¶ 15.  The TCPA provides for statutory damages of $500 per call.  At these numbers, Defendants would face a judgment nearing $300 million.  Defendants' financials show that they do not have the financial ability to fund a Rule 23(b)(3) settlement in even the half million dollar range, let alone the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 13 -                     3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

multi-million-dollar range.  *Id.* ¶ 17.  Thus, a Rule 23(b)(3) settlement is impractical.

3.   Continued Litigation Is Likely to Be Complex, Lengthy, Risky, and Expensive

Litigation would be lengthy and expensive if this action were to proceed. Although the Parties engaged in formal informal discovery and extensive motion work, including Plaintiffs' motion for class certification, they have not completed expert discovery, including the exchange of reports and expert depositions.  The step following expert discovery is trial, which is scheduled to begin in February 2017, nearly a year from now.  There is always a risk of losing a jury trial.  And, even if Plaintiffs did prevail at trial, any judgment could be reversed on appeal (or subject to bankruptcy).  By contrast, the settlement provides substantial and meaningful relief to Settlement Class Members without delay, particularly in light of the above risks that Settlement Class Members would face in litigation.

**C.   The Proposed Class Notice Satisfies Due Process**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement.  Fed. R. Civ. P. 23(e)(1); *see also* Manual for Complex Litig. (4th ed. 2004) at § 21.312.  The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

"As a general matter, less precision is required of class definitions under Rule 23(b)(2) than under Rule 23(b)(3), where mandatory notice is required by due process."  *Multi–Ethnic Immigrant Workers Org. Network v. City of Los*

*Angeles*, 246 F.R.D. 621, 630 (C.D. Cal. 2007); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (holding that notice of right to opt-out of suit for money damages is required by the Due Process Clause); *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) (stating that in contrast to certification of a subdivision (b)(3) class, "notice to the members of a(b)(2) class is not required and the actual membership of the class need not therefore be precisely delimited."). Because the relief requested in a (b)(2) class is prophylactic, enures to the benefit of each class member, and is based on accused conduct that applies uniformly to the class, notice to absent class members and an opportunity to opt out of the class is not required. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (noting relief sought in a (b)(2) class "perforce affect[s] the entire class at once" and thus, the class is "mandatory" with no opportunity to opt out).

Although notice is not required as part of a Rule 23(b)(2) settlement, the Parties have nonetheless agreed to a notice program that constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Classes, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23. Settlement Agreement ¶¶ 2.6-2.7. Direct notice was impractical because Defendants' vendors did not keep records of the calls and faxes. Instead, Defendants would be required to pay a claims administrator to locate class members using a "reverse lookup" process estimated to cost $350,000. Terrell Decl. ¶ 18. Under the agreed-upon plan, notice will be sent by via U.S. mail to States' Attorneys' General for dissemination to the public. Settlement Agreement ¶2.7. In addition, the claims administrator will create and maintain a website that provides information, including court documents, regarding the Settlement to the Settlement Class, and a call center

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 15 -                    3:13-cv-02654-BAS-WVG
                          3:14-cv-02915-JLS-MDD

where the Settlement Class can obtain information. *Id.* Defendants will be responsible for all costs of notice. Settlement Agreement ¶ 2.6.

**D.    Plaintiffs' Requested Costs Are Reasonable**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig*., 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). Class Counsel incurred out-of-pocket costs totaling $22,096.00, primarily to cover expenses related to filing fees, travel, mediation fees, and administrative costs such as mailing and messenger expenses. Terrell Decl. ¶ 16. Class Counsel put forward these out-of-pocket costs without assurance that they would ever be repaid. *Id.* These out-of-pocket costs were necessary to secure the resolution of this litigation, and should be recouped. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).

**E.    The Court Should Grant Class Certification for Settlement Purposes**

For settlement purposes only, Plaintiffs respectfully request that the Court provisionally certify two Settlement Classes defined as:

> Junk Fax Class:
>
> All persons or entities in the United States who, on or after November 5, 2009, were sent by or on behalf of Defendants one or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 16 -

Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.

Automated Call Class:

All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made by or on behalf of Defendants.

Settlement Agreement ¶ 2.1.  As detailed below, the Settlement Classes meet all of the applicable certification requirements.

      1.      The Rule 23(a) Factors Are Met

Although the Court has already held that the Rule 23(a) factors have been met, Plaintiffs reiterate their argument as to the Settlement Classes.

          a.    *Numerosity*

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'"  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Here, the Junk Fax Settlement Class consists of an estimated 558,022 persons, and the Automated Call Settlement Class consists of an estimated 9,424 persons.  The large number of persons in the Settlement Classes renders joinder impracticable.  *See McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010) (finding numerosity satisfied for class of twenty-seven members after considering several factors including judicial economy and the ability of the members to file individual suits); *see also Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc.*, 303 F.R.D. 337, 345 (E.D. Cal. 2014) (numerosity requirement has been met with 88 members).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 17 -

3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

b.    *Commonality*

The commonality requirement of Rule 23(a)(2) is satisfied because there are many questions of law and fact common to the Settlement Classes that focus on Defendants' common practices of sending unsolicited junk faxes and making prerecorded calls to cell phones without consent to do so.  *See Stern v. DoCircle, Inc.*, No. SACV 12-2005 AG JPRX, 2014 WL 486262, at *4 (C.D. Cal. Jan. 29, 2014) (finding the steps Defendant took to comply with TCPA, and whether Defendant can be held to have negligently or willfully violated the TCPA when it took those steps, are factual and legal issues common to all class members); *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398, at *5 (S.D. Cal. Oct. 27, 2014) (finding core issue of whether Defendant used an ATDS or prerecorded or artificial voice message to make unsolicited calls is common to all putative class members, and its resolution is central to the validity of each of their claims); *Reliable Money Order, Inc., v McKnight Sales Co., Inc.,* 281 F.R.D. 327, 332-33 (E.D. Wis. 2012) (finding commonality requirement satisfied where class members all alleged they received faxes in violation of the TCPA and the events surrounding the transmission of each fax were identical). Common issues of fact and law include whether Defendants' conduct violates TCPA provisions prohibiting companies from sending unsolicited faxes and placing autodialed calls; whether Defendant Narin is directly liable for the faxes sent and calls placed; whether Defendants are vicariously liable for their vendors' conduct; and whether Defendants made prerecorded calls.  Due to the numerous common questions of law and fact among the proposed Settlement Classes, the commonality requirement is satisfied.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 18 -                    3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

c.    *Plaintiffs' Claims Are Typical of the Settlement Class*

Typicality is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class."  *Hanon v. Dataprods. Corp*., 976 F.2d 497, 508 (9th Cir. 1992). "The Ninth Circuit does not require the named plaintiff's injuries to be identical with those of the other class members, but only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same injurious course of conduct."  *Hanon*, 976 F.2d at 666 (quotation and internal marks omitted).

Plaintiff Bee's claims are typical of the claims of other Class members because they arise from the same conduct of Defendants—systematic violations of the TCPA's regulations regarding unsolicited faxes—and are based on the same legal theories.  Likewise, the prerecorded call claims all arise from Defendants' common course of advertising their services by placing prerecorded calls to Plaintiffs and Class members.  In such circumstances, the typicality element is satisfied.  *See, e.g., Agne v. Papa John's Int'l*, 286 F.R.D. 559, 569 (W.D. Wash. Nov. 9, 2012) (finding typicality satisfied where the Plaintiffs' claims, "like all class members' claims, [arose] from text marketing campaigns commissioned by Papa John's franchisees and executed by the same marketing vendor …"); *CE Design v. Beaty Const., Inc*., 07 C 3340, 2009 WL 192481, at *5 (N.D. Ill. Jan. 26, 2009) (typicality satisfied where plaintiffs and class members all alleged violations of the TCPA); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 648 (W.D. Wash. Jan. 23, 2007) (typicality satisfied where plaintiffs and class members received unsolicited faxes).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 19 -                      3:13-cv-02654-BAS-WVG
                            3:14-cv-02915-JLS-MDD

d.   *The Named Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class*

The final Rule 23(a) prerequisite requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor has two components. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class. *Lerwill v. Inflight Motion Pictures*, 582 F.2d 507, 512 (9th Cir. 1978).

Here, Plaintiffs have no interests that are antagonistic to or in conflict with persons in the Settlement Classes they seek to represent and have a substantial interest in the outcome of this action, since they all received the same unlawful calls and faxes that persons in the Settlement Classes received. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997) (courts look simply at whether the representatives' interests are in any way antagonistic to or in conflict with those of the class members). In addition, Class Counsel are active practitioners with substantial experience in consumer law and class action litigation, including cases very similar to this one. Terrell Decl. ¶¶ 2-13, 23; Renka Decl. ¶ 4. The requirements of Rule 23(a) therefore are satisfied.

## F.   The Requirements of Rule 23(b)(2) Are Met

Under Rule 23(b)(2), Plaintiff must demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) is satisfied where "[t]he injunctive relief sought by plaintiff[] would apply to the class as a whole" and "the claims in th[e] suit would not entitle named or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 20 -                    3:13-cv-02654-BAS-WVG
                          3:14-cv-02915-JLS-MDD

unnamed class members to any form of individualized injunctive relief." *Johnson v. Shaffer*, No. 2:12–cv–1059 KJM AC, 2013 WL 5934156, at *13 (E.D. Cal. Nov. 1, 2013).  Defendants' practices of calling cellular telephones in violation of the TCPA, without having obtained consent from the called parties, and of sending junk faxes to unlawfully advertise their products, impact each Member of the Settlement Classes, and all prospective relief inures to the benefit of the Settlement Classes as a whole.

**G.    Scheduling a Final Approval Hearing Is Appropriate**

The last step in the settlement approval process is a Final Approval Hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation.  Proponents of the settlement may explain the terms and conditions of the Settlement Agreement, and offer argument in support of final approval.  The Court will determine after the Final Approval Hearing whether the Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e).  Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience, and schedule further settlement proceedings pursuant to the schedule set forth below:

| ACTION | DATE |
| --- | --- |
| Preliminary Approval Order Entered | At the Court's Discretion |
| Notice Deadline | Within 30 days of Preliminary Approval Order |
| Final Approval Brief | At least 14 days prior to the Final Approval Hearing |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 21 -                      3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

| ACTION | DATE |
|---|---|
| Final Approval Hearing / Noting Date | At the Court's Discretion |
| Final Approval Order Entered | At the Court's Discretion |

## IV. CONCLUSION

The proposed class action settlement is fair, reasonable, and adequate. Thus, it should be approved in all respects.

RESPECTFULLY SUBMITTED AND DATED this 18th day of May, 2016.

TERRELL MARSHALL LAW GROUP PLLC


By: _/s/ Beth E. Terrell, CSB #178181___
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    Mary B. Reiten, CSB #203412
    Email:  mreiten@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603
    Facsimile:  (206) 319-5450

    Stefan Coleman
    Email: law@stefancoleman.com
    LAW OFFICES OF STEFAN COLEMAN
    201 South Biscayne Boulevard, 28th Floor
    Miami, Florida  33131
    Telephone: (877) 333-9427
    Facsimile:  (888) 498-8946

*Attorneys for Plaintiffs*


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND INCORPORATED MEMORANDUM OF LAW

- 22 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
      MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
27    SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
      PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
28    INCORPORATED MEMORANDUM OF LAW
              - 23 -              3:13-cv-02654-BAS-WVG
                                 3:14-cv-02915-JLS-MDD

## CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on May 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gene S. Stone, CSB #162112
Email: gstone@homan-stone.com
HOMAN & STONE
12 North Fifth Street
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile: (909) 793-0210

Janine C. Prupas
Email:  jprupas@swlaw.com
SNELL & WILMER, L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone:  (775) 785-5440
Facsimile:  (775) 785-5441

*Attorneys for Defendants*

Scott A. Marquis
Email:  smarquis@maclaw.com
Candice E. Renka
Email:  crenka@maclaw.com
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816

Gary E. Mason.
Email:  gmason@wbmllp.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW

- 24 -                                3:13-cv-02654-BAS-WVG
                                      3:14-cv-02915-JLS-MDD

1
2
3

WHITFIELD, BRYSON & MASON, LLP
1625 Massachusetts Avenue NW, Suite 605
Washington, DC 20036
Telephone: (202) 429-2290

4

*Attorneys for Plaintiff Daniela Torman*

5

DATED this 18th day of May, 2016.

6
7

TERRELL MARSHALL LAW GROUP PLLC

8
9
10
11
12

By:  /s/ Beth E. Terrell, CSB #178181
    Beth E. Terrell, CSB #178181
    Email: bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603
    Facsimile:  (206) 319-5450

13
14

*Attorneys for Plaintiffs*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARILY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF A CLASS FOR SETTLEMENT
PURPOSES, AND APPROVAL OF NOTICE TO THE CLASS AND
INCORPORATED MEMORANDUM OF LAW
- 25 -           3:13-cv-02654-BAS-WVG
                 3:14-cv-02915-JLS-MDD