Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Mary B. Reiten, CSB #203412
Email: mreiten@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>　　　　　Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>**DECLARATION OF BETH E. TERRELL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: 11/5/13<br><br>DEMAND FOR JURY TRIAL<br><br>Honorable Cynthia Bashant<br><br>DATE:　　　　June 27, 2016<br>TIME:<br>COURTROOM: 4B, 4th Fl. Schwartz<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

DECLARATION OF BETH E. TERRELL
IN SUPPORT OF MOTION FOR
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

- 1 -

1
2
3
4
5
6
7
8
9
10
11

DANIELA TORMAN, individually
and on behalf of all others similarly
situated,

     v.

CAPITAL ALLIANCE GROUP d/b/a
CAPITAL ALLIANCE d/b/a
BANKCAPITAL d/b/a
BANKCAPITAL DIRECT d/b/a
TRUSTED BANCORP, NARIN
CHARANVATTANAKIT a/k/a
NARAN CHARAN a/k/a CLAYTON
HEATH, and JOHN DOES 1-10,

     Defendants.

NO. 3:14-cv-02915-JLS-MDD

Honorable Janis L. Sammartino

12        I, Beth E. Terrell, declare as follows:

13        1.        I am a member of the law firm of Terrell Marshall Law Group PLLC

14   ("TMLG"), counsel of record for Plaintiffs in this matter.  I am admitted to

15   practice before this Court and am a member in good standing of the bars of the

16   states of Washington and California.  I respectfully submit this declaration in

17   support of Plaintiffs' motion for preliminary approval of the settlement of the

18   above-captioned class action.

19        2.        TMLG is a law firm in Seattle, Washington, that focuses on complex

20   civil and commercial litigation with an emphasis on consumer protection, product

21   defect, employment, wage and hour, real estate, and personal injury matters.  The

22   attorneys of TMLG have extensive experience in class actions, collective actions,

23   and other complex matters.  They have been appointed lead or co-lead class

24   counsel in numerous cases at both the state and federal level.  They have

25   prosecuted a variety of multi-million-dollar consumer fraud, wage and hour,

26   securities fraud, and product defect class actions.  The defendants in these cases

27   have included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Honda,

28

PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

Sallie Mae, Comcast, ABM Industries, Inc., AT&T, T-Mobile USA, Weyerhaeuser, Behr Products, American Cemwood, Bank of America, Discover Financial Services, Capital One, and HSBC.

3.      I am the lead attorney from TMLG in the instant litigation.  A founding member of TMLG, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions.  I have served as co-lead counsel on numerous multi-state and nationwide class actions.  I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

4.      I received a B.A., magna cum laude, from Gonzaga University in 1990.  In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif.  Prior to forming TMLG in May 2008, I was a member of Tousley Brain Stephens PLLC.  I am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

5.      I am actively involved in several professional organizations and activities.  For example, I am the current Chair of the Consumer Protection Section for the Washington State Association of Justice.  I am the current Chair of the Washington Employment Lawyers Association and a member of the Public Justice Foundation's Board of Directors.  I serve on the Foundation's Development, Case Evaluation, Membership, and Class Action Preservation Committees.

6.      I have been repeatedly named to the annual Washington Super Lawyers list (2005, 2010, 2011, 2012, 2013, 2014, and 2015) by Washington Law & Politics Magazine.  I was also named to its Top 100 Washington Super

PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

Lawyers list (2014 and 2015) and its Top 50 Women Super Lawyers list (2012, 2013, 2014, and 2015).

7.     Mary B. Reiten is a member of TMLG.  Ms. Reiten received her B.A. with high honors from the University of California, Berkeley in 1991 and graduated from the University of California, Hastings College of Law in 1998. Prior to joining TMLG, Ms. Reiten was a member of Tousley Brain Stephens PLLC.  Ms. Reiten was also an associate at Lieff Cabraser Heiman & Bernstein for one year and clerked for the superior courts of Sitka, Alaska and San Francisco, California.  Ms. Reiten has represented plaintiffs in several consumer class actions, including *Spafford v. EchoStar*; *Hartman, et al. v. Comcast*; *Richison v. American Cemwood Corp*.; *Zwicker et al. v. General Motors Corporation*; and *Trimble v. Holmes Harbor Sewer District, et al*.  In 2004, Ms. Reiten was named a Washington "Rising Star" by Washington Law & Politics magazine.

8.     Adrienne D. McEntee has been a member of TMLG since September 2014.  Ms. McEntee graduated from the University of Washington School of Law in 2003, where she was a member of the Pacific Rim Law and Policy Journal and Moot Court Honor Board.  Prior to joining TMLG, Ms. McEntee was a member of Tousley Brain Stephens PLLC, where she practiced for five years.  Before entering private practice, Ms. McEntee worked with the King County Prosecuting Attorney's Office, where she prosecuted a broad range of crimes. Ms. McEntee has tried approximately fifty cases and has briefed, argued, and won cases before the Washington State Court of Appeals.  Since her admission to the bar, Ms. McEntee has been an active member of the Washington State Bar Association and a member of the Washington Women Lawyers' Judicial Evaluation Committee.

9. TMLG has actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). TMLG has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial institutions such as Sallie Mae, Bank of America, Discover Financial Services, Capital One, and HSBC. I have been appointed co-lead counsel in two of the largest MDLs involving TCPA claims, *In re Capital One Telephone Consumer Protection Act Litigation*, 1:12-cv-10064 (N.D. Illinois), and *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*, MDL No. 1:13-MD-2493 (N.D. W. Va.).

10. TMLG is litigating or has recently settled the following Telephone Consumer Protection class actions:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* I served as court-appointed Interim Co-Lead Counsel; final approval of the $75,455,098.74 settlement was granted in February 2015.

- *Wilkins, et al. v. HSBC Bank Nevada, N.A., et al.*—Filed on behalf of individuals who alleged that HSBC made prerecorded calls using an automatic dialing system. The case settled on a class-wide basis in 2014 for $39,975,000, and final approval was granted in March 2015.

- *Rinky Dink, et al. v. Electronic Merchant Systems, et al.*— Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer

Protection Act, RCW 19.86 *et seq.* The case settled on a class-wide basis in 2015 and final approval was granted on April 19, 2016.

- *Ott, et al. v. Mortgage Investors Corporation*—Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2015 for $7,483,600, and final approval was granted in January 2016.

- *Lushe, et al. v. Vergengo* – Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones, some of which were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* The case settled on a class-wide basis in 2015 and final approval was granted on May 2, 2016.

- *Booth, et al. v. AppStack, et al.*—TMLG represents two certified classes of consumers who received automated, prerecorded solicitation telephone calls on their cellular telephones and Washington landlines without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* The case is pending in the United States District Court for the Western District of Washington.

- *Rose, et al. v. Bank of America Corp., et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG worked to negotiate a nationwide settlement

of $32,083,905, which was granted final approval in August 2014.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG worked to negotiate a $34,000,000 nationwide settlement; final approval is pending.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, prerecorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* I serve as co-lead counsel in the MDL.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $4.5 million settlement, which was granted final approval in December 2013.

- *Steinfeld v. Discover Financial Services, et al.*—Filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones

PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Chesbro v. Best Buy Stores, L.P.*—Filed on behalf of consumers who received automated, prerecorded solicitation telephone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMLG negotiated a $4.5 million settlement, which was granted final approval in September 2014.

11.   TMLG is litigating or has recently settled the following consumer protection class actions:

- *Dibb, et al. v. AllianceOne Receivables Management, Inc.*—TMLG represents three certified classes of Washington consumers who received unfair and deceptive debt collection notices that included threats of criminal prosecution. The case is pending in the United States District Court for the Western District of Washington.

- *Cavnar, et al. v. BounceBack, Inc.*—Filed in 2014 on behalf of Washington consumers who received false, misleading, and deceptive debt collection letters printed on the letter head of county prosecuting attorneys. Plaintiffs' motion for class certification is pending.

- *Jordan v. Nationstar Mortgage, LLC*—After a plaintiff class was certified by a Washington trial court, the action was removed to District Court in 2014. TMLG represents a class of homeowners who were improperly locked out of their homes by their mortgage lender.

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and final approval was granted in March 2014.

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law.  A class settlement was approved by the Court in 2013.

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions.  TMLG worked to negotiate a nationwide class action settlement, and final approval was granted in January 2012.

- *Kitec Consolidated Cases*—Served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems.  The case settled for $125,000,000, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service.  A class settlement was approved by the Court in 2011.

12.   TMLG is litigating or has recently settled the following privacy/data breach class action:

- *In re: Target Corporation Customer Data Security Breach Litigation*—Filed on behalf of consumers who had their financial and personal information compromised by Target's failure to implement and maintain reasonable security procedures and practices.  Approximately 40 million credit and debit card users who purchased products from Target between November 27 and December 15, 2013 were affected by the data breach.  I currently serve on the Complaint Committee in this multi-district litigation.

13.     TMLG is litigating or has recently settled the following wage and hour class actions:

- *Romatka, et al. v. Brinker International Payroll Company, L.P., et al.*—Filed in 2013 on behalf of approximated 900 workers who alleged violations of Washington State wage and hour laws.  The case settled on a class-wide basis and approval was granted in March 2015.

- *Newell v. Home Care of Washington, Inc., et al.*—TMLG represented a certified class of more than 400 in-home health care workers who alleged violations of state wage and hour law.  The case settled on a class-wide basis, and final approval was granted in January 2015.

- *Paz v. Sakuma Brothers Farms, Inc.*—Filed in 2013 on behalf of migrant and seasonal workers who alleged violations of Washington State wage and hours laws.  A class-wide settlement was approved by the Court in December 2014.

- *Hill v. Xerox Business Services, LLC, et al., and Douglas v. Xerox Business Services, LLC, et al.*—TMLG represents two certified classes of current and former call center workers who allege violations of state and federal wage and hour laws.  Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on behalf of approximately 500 individuals alleging their employer violated Oregon's wage and hour laws. Defendants' systematic scheme of wage and hour violations involved, among other things, failure to pay non-managerial installation technicians for all hours worked, including overtime. The case settled on a class-wide basis, and final approval was granted in 2013.

- *Khadera v. ABM Industries, Inc.*—TMLG represented 337 employees who alleged violations of federal and state wage and hour laws. The case settled, and final approval was granted in 2012.

- *Simpson v. ABM Industries, Inc.*—TMLG represented a CR 23 class of approximately 6,800 employees who alleged Washington State wage and hour violations. The case settled in March 2012, and final approval of the settlement was granted in September 2012.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer. After more than seven years of litigation, TMLG obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees. That settlement was approved in July 2009.

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMLG represented a certified class of more than 500 employees who were denied earned vacation benefits. After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied Defendants' petition for review. A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMLG represented a certified class of workers who alleged they were not paid for overtime work. The case was tried before a jury during a five-week period in 2010, and TMLG successfully obtained a judgment for the workers in excess of $4,000,000. TMLG continues to work on enforcing the judgment against multiple defendants.

14.     Plaintiffs' counsel have invested numerous hours and advanced significant costs into the investigation and prosecution of this case. Plaintiffs' counsel intensively investigated the factual and legal bases for their claims. Plaintiffs propounded written discovery designed to elicit information regarding Defendants' calling and faxing practices. Plaintiffs also issued subpoenas to third parties in an effort to obtain electronic files regarding calls made and faxes sent. Further, Plaintiffs deposed witnesses Defendant Narin and Capital Alliance's Operations Manager, Christina Duncan.

15.     Through the discovery process, Plaintiffs learned that Defendants sent illegal junk faxes to approximately 558,022 small business owners and made unlawful prerecorded calls to approximately 9,424 unique cell phone numbers.

16.     Plaintiffs' counsel have together incurred $22,096 in out-of-pocket costs prosecuting this litigation, primarily to cover expenses related to filing fees, travel, mediation fees, and administrative costs such as mailing and messenger expenses, which Defendants have agreed to pay. To date, Plaintiffs' attorneys have together incurred well over $200,000 in fees, all of which Plaintiffs' counsel has agreed to waive as part of an approved settlement.

17.     I reviewed financials provided by Defendants, which show very minimal assets. In addition, Defendants produced evidence of substantial governmental liens that exceed $600,000. Based on my review of these documents, I have concluded there are insufficient assets to provide monetary

relief to the Settlement Classes.  Moreover, any available assets would first go toward payment of liens.

18.    In addition, because the call and fax records produced during discovery consisted only of telephone numbers, and no names or addresses, a claims administrator would be required to use a "reverse lookup" process to provide direct notice, at a cost estimated to be approximately $350,000.  Based on their financials, Defendants could not pay the cost of direct notice.

19.    On December 10, 2015, the Parties participated in mediation. Unable to reach an agreement, the Parties participated in a settlement conference before Magistrate Judge Gallo on April 27, 2016.  Despite the stark reality of Defendants' finances, with the Court's help, the Parties explored other ways to provide relief to class members during the settlement conferences.  Although Defendants' finances made it impossible to provide monetary relief to class members, the Parties and the Court determined that class members would benefit from injunctive relief that required Defendants and any successors to make significant changes to its autodialing practices.

20.    Since the settlement conference, counsel for Plaintiffs have worked rigorously with Defendants to reach a compliance plan that will provide appropriate relief to class members.  A true and correct copy of the Settlement Agreement the Parties reached is attached as Exhibit 1.

21.    At all times, the Parties' settlement negotiations were highly adversarial, non-collusive and at arm's-length.  I believe the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Classes as a whole, particularly because a monetary settlement would not be possible.  Plaintiffs' counsel have specialized knowledge of the legal and technological issues necessary to succeed in TCPA litigation and used that experience to obtain a

1  settlement that would provide valuable injunctive relief to Settlement Class
2  Members.

3       22.    The named Plaintiffs were willing and able to prosecute this case by
4  responding to written discovery and sitting for depositions.  Plaintiffs' support of
5  the settlement is independent of any service award and not conditioned on the
6  Court awarding any particular amount or any award at all.

7       23.    Gary Mason is a nationally recognized leader of the class action bar
8  and, for 2013-2014, co-chaired the American Association of Justice ("AAJ")
9  Class Action Litigation Group.  Focusing on consumer class actions and mass
10  torts, he has recovered more than $1.5 billion in the 24 years he has represented
11  plaintiffs.  Mr. Mason has assumed leadership roles in the privacy litigation
12  realm, and he is currently serving a liaison counsel in the *In re: U.S. Office of*
13  *Personnel Management Data Security Breach Litigation* case against the United
14  States government.  Mr. Mason was recognized by Washingtonian Magazine as
15  one of the top forty lawyers in Washington, DC under the age of 40 and received
16  a Public Justice Achievement Award for his work on the polybutylene pipe
17  litigation.  He is also a member of the AAJ Chinese Drywall Litigation Group,
18  Class Action Litigation Group, Preemption Law Litigation Group, and the
19  Products Liability Section.  Mr. Mason is frequent continuing legal education
20  speaker on issues such as class certification, consumer warranty law, construction
21  defect litigation and the economic loss rule.

22       I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24       EXECUTED at Seattle, Washington, this 18th day of May, 2016.

25

26

27         /s/ Beth E. Terrell
       Beth E. Terrell

28         PRELIMINARY APPROVAL OF CLASS
       ACTION SETTLEMENT
       3:13-cv-02654-BAS-WVG
       3:14-cv-02915-JLS-MDD

- 14 -

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on May 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gene S. Stone, CSB #162112
Email: gstone@homan-stone.com
HOMAN & STONE
12 North Fifth Street
Redlands, California 92373
Telephone: (909) 307-9380
Facsimile: (909) 793-0210

Janine C. Prupas
Email:  jprupas@swlaw.com
SNELL & WILMER, L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone:  (775) 785-5440
Facsimile:  (775) 785-5441

*Attorneys for Defendants*

Scott A. Marquis
Email:  smarquis@maclaw.com
Candice E. Renka
Email:  crenka@maclaw.com
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816

PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
- 15 -
3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

1  Gary E. Mason.
   Email:  gmason@wbmllp.com
2  WHITFIELD, BRYSON & MASON, LLP
   1625 Massachusetts Avenue NW, Suite 605
3  Washington, DC 20036
   Telephone: (202) 429-2290
4

5
   *Attorneys for Plaintiff Daniela Torman*
6

7  DATED this 18th day of May, 2016.

8
                        TERRELL MARSHALL LAW GROUP PLLC
9

10
                        By:  /s/ Beth E. Terrell, CSB #178181
11                          Beth E. Terrell, CSB #178181
                            Email: bterrell@terrellmarshall.com
12                          936 North 34th Street, Suite 300
                            Seattle, Washington  98103-8869
13                          Telephone:  (206) 816-6603
                            Facsimile:  (206) 319-5450
14

15
                        *Attorneys for Plaintiffs*
16

17

18

19

20

21

22

23

24

25

26

27

28
                                    PRELIMINARY APPROVAL OF CLASS
                                    ACTION SETTLEMENT
                            - 16 -   3:13-cv-02654-BAS-WVG
                                    3:14-cv-02915-JLS-MDD