— **EXHIBIT 1** —

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>            Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>Honorable Cynthia Bashant |
| DANIELA TORMAN, individually and on behalf of all others similarly situated,<br><br>      v.<br><br>CAPITAL ALLIANCE GROUP d/b/a CAPITAL ALLIANCE d/b/a BANKCAPITAL d/b/a BANKCAPITAL DIRECT d/b/a TRUSTED BANCORP, NARIN CHARANVATTANAKIT a/k/a NARAN CHARAN a/k/a CLAYTON HEATH, and JOHN DOES 1-10,<br><br>            Defendants. | NO. 3:14-cv-02915-JLS-MDD<br><br>Honorable Janis L. Sammartino |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement" or "Settlement" or "Settlement Agreement") is entered into by Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Deniela Torman, individually and on behalf of all others similarly situated ("Plaintiffs" or "Class Representatives"), with the assistance and approval of Class Counsel, on the one hand, and Capital Alliance Group and Narin Charanvattanakit ("Defendants") (collectively, "Parties" or "Settling Parties") with the assistance of its counsel of record, in the actions entitled *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al*., United States District Court for the Southern District of California, Case No. 3:13-CV-02654-DMS-WVG, and *Torman v. Capital Alliance Group, et al.,* 3:14-cv-02915-BAS-WVG:16-cv-02187 (the "Actions" or "Class Actions"), as set forth below:

- 1 -

## RECITALS

**WHEREAS**, Plaintiffs brought two Class Actions against Defendants, which are currently pending and unresolved between the Parties;

**WHEREAS**, in the Actions, Plaintiffs claim that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by (1) using any telephone facsimile machine, computer, or other device to send, to telephone facsimile machines, unsolicited advertisements, and (2) making any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to telephone numbers assigned to a cellular telephone service;

**WHEREAS**, in the Actions, Plaintiffs seek an injunction restraining the practices complained of, statutory damages, treble damages, costs of suit, and such other or further relief as the Court were to deem proper;

**WHEREAS**, Defendants deny Plaintiffs' claims, deny any liability to Plaintiffs or the proposed Settlement Class, and deny any wrongdoing of any kind;

**WHEREAS**, Plaintiffs and Defendants agree that it is desirable that the Actions and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve claims for injunctive relief that have been or could have been asserted by Plaintiffs and the Class Members;

**WHEREAS**, the Settling Parties have engaged in extensive arms-length settlement negotiations and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Actions and have concluded that, taking into account the benefits that Plaintiffs and the Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiffs and the Class Members;

**WHEREAS**, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and between Plaintiffs and Defendants that the claims of Plaintiffs and the Class Members be and are hereby compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth below.

## DEFINITIONS

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1 "Class Counsel" means Beth E. Terrell and Terrell Marshall Law Group PLLC, Candice E. Renka and Marquis Aurbach Coffing, and Gary E. Mason, Whitfield Bryson & Mason LLP.

1.2 "Class Member" means a person who is a member of the Settlement Class.

1.3 "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.6 below and Exhibit B attached hereto.

1.4 "Class Period" means November 5, 2009 through the date of the entry of the Final Approval Order.

1.5 "Court" means the United States District Court for the Southern District of California.

1.6 "Effective Date" means the date on which the Final Approval Order becomes Final.

1.7 "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement pursuant to class action procedures and requirements; and (ii) entering a Final Approval Order.

1.8 "Final" means the later of: (i) the date a Final Approval Order is entered by the Court if no objection(s) is (are) filed; or (ii) the date of expiration for the time for noticing a valid appeal from the Final Approval Order if an objection(s) is (are) filed and an appeal is not noticed; or (iii) the date of final affirmance or dismissal of the last pending appeal if an appeal is noticed.

1.9 "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as Exhibit D.

1.10 "Defendant" means defendant Narin Charanvattanakit, an individual, and defendant Capital Alliance Group, and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any "d/b/a," parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients and joint ventures (in their capacities as such).

1.11 "Actions" mean the lawsuits styled *Bee, Denning, Inc., et al. v. Capital Alliance Group, et al.*, United States District Court for the Southern District of California, Case No. 3:13-CV-02654-DMS-WVG, and *Torman v. Capital Alliance Group, et al.,* 3:14-cv-02915-BAS-WVG:16-cv-02187.

1.12 "Settlement Agreement" means this settlement agreement and all of its attachments and exhibits, which the Settling Parties understand and agree to set forth all material terms and conditions of the settlement between them and which is subject to Court approval.

1.13    "<u>Settlement Class</u>" means the class the Parties have consented to for purposes of settlement only, as described in paragraph 2.1 below.

1.14    "<u>Settling Parties</u>" or "<u>Parties</u>" means Plaintiffs and Defendants and their respective representatives and attorneys.

## TERMS AND CONDITIONS

2.1    **The Settlement Classes**. The Settling Parties stipulate to certification of the following class for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(2):

> A.  <u>Junk Fax Class</u>
>
> All persons or entities in the United States who, on or after November 5, 2009, were sent by or on behalf of Defendants one or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.
>
> B.  <u>Automated Call Class</u>
>
> All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made by or on behalf of Defendants.

2.2    **Injunctive Relief to the Class**.

A.    <u>Defendants' Representations</u>.   Class Counsel has reviewed financials that establish Defendants have insufficient resources to grant effective monetary relief to the 206,555 putative Class Members.   The Parties' request for certification of a settlement class under only Fed. R. Civ. P. 23(b)(2) is contingent upon this representation.

B.    <u>Injunctive Relief Parameters.</u> The Parties agree that for a period of the two years following the effective date, Defendants shall comply with the following:

> 1.    Defendants and Defendants' successors shall establish written procedures for TCPA compliance.
>
> 2.    Defendants and Defendants' successors shall conduct annual training sessions directed to TCPA compliance.
>
> 3.    Defendants and Defendants' successors shall maintain a list of telephone

- 4 -

numbers of persons who request not to be contacted.

4. Defendants and Defendants' successors shall subscribe to a version of the national do-not-call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance).

5. Defendants and Defendants' successors shall establish internal processes to ensure that Defendants and Defendants' successors do not sell, rent, lease, purchase or use the do-not-call database in any manner except in compliance with TCPA regulations.

6. Defendants and Defendants' successors shall scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use or prerecorded messages.

7. Defendants and Defendants' successors shall not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature.

8. All prerecorded messages, whether delivered by automated dialing equipment or not, must identify Capital Alliance or any successor entity, and the specific "d/b/a" as the entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again.

9. All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. §§ 227(a)(4) must be preceded by the receipt of the express written permission of the intended recipient, including the intended recipient's signature.

10. Defendants and Defendants' successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements.

C. **Injunction Oversight and Reporting.** Defendants shall make a bi-annual report to Class Counsel outlining their compliance with the TCPA injunction and any issues that may have arisen. Defendants agree to submit copies of any putative individual or class action lawsuits filed against them and asserting one or more claims pursuant to the TCPA during the reporting period to Class Counsel beginning 6 months from the date that this agreement is signed and every 6 months thereafter until expiration of the injunction. Reports from Defendants are due on November 18, 2016, May 18, 2017, November 18, 2017, and May 18, 2018.

2.3 **Payment To Class Representatives.** Each of the three Class Representatives—Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick (c/o Judy Bee), and Deniela Torman—shall receive $4,819 for his or her individual claim and as an incentive award for his or her services as Class Representative.

2.4     **Payment to Class Counsel**.  Defendants shall pay Class Counsel's costs in the amount of $22,096.

2.5     **Confession of Judgment**.  The Payment to Class Representatives and Payment to Class Counsel (collectively, "Payments") shall be paid on or before November 4, 2016. Concurrent with the execution of this Agreement, Defendants shall execute a Confession of Judgment in favor of Plaintiffs and the Settlement Class and against Defendants, which will allow Judgment to be entered in the event of and in the amount of any default by Defendants, plus interest at 12% per year and reasonable attorneys' fees and costs incurred to enforce such judgment.  Exhibit A.  The Confession of Judgment will state that it may be entered only in the unpaid amount of the Payments, plus interest at 12% per year and reasonably attorneys' fees and costs incurred to enforce such Judgment.

2.6     **Payment of Notice Costs**.  Defendant shall be responsible for the cost of sending notice to the Class Members as set forth in paragraph 2.7 below.  This cost is separate and apart from the Payments described in Paragraphs 2.3 to 2.5.

2.7     **Class Notice**.  If, by entering the Preliminary Approval Order, the Court provides authorization to provide the Class Notice to Class Members, Defendants will hire Heffler Claims Group ("Heffler") to send Class Notice via U.S. mail within twenty-eight (28) days after the Preliminary Approval Date, in the form and substance set forth in Exhibit B, to States' Attorneys' General for dissemination to the public.  Defendants will further direct Heffler to create and maintain a website that provides information, including court documents, regarding the Settlement to the Settlement Class, and a call center where the Settlement Class can obtain information.

2.8     **Preliminary Approval Order**.  As soon as practicable after execution of this Settlement Agreement, Plaintiffs and Defendants shall jointly request the following:

    A.     An order from the Court preliminarily approving this Settlement Agreement;

    B.     An order from the Court of conditional certification for purposes of settlement the Settlement Class;

    C.     An order from the Court scheduling a hearing for final approval of this Settlement Agreement; and

    D.     An order from the Court approving the form and manner of Class Notice as set forth in paragraph 2.7 herein and finds that such notice satisfies the requirements of due process pursuant to the Code of Civil Procedure, the United States Constitution and any other applicable law and finds that no further notice to the Settlement Class is required.

The Settling Parties agree to request the form of Preliminary Approval Order attached hereto as Exhibit C. The fact that the Court may require changes in the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

  2.9 **Final Approval Order**.  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Plaintiffs and Defendants shall jointly request that the Court enter a Final Approval Order:

    A. Approving the terms of this Settlement Agreement as fair, reasonable and adequate;

    B. Providing for the implementation of its terms and provisions;

    C. Certifying for purposes of settlement the Settlement Class; and

    D. Finding that the Class Notice given to the Settlement Class satisfies the requirements of due process pursuant to the Code of Civil Procedure, the United States Constitution and any other applicable law.

The Settling Parties agree to request jointly the form of Final Approval Order, attached hereto as Exhibit D. The fact that the Court may require changes in the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

  2.10 **Release of Attorney's Lien**.  In consideration of this Settlement Agreement, Class Counsel hereby waives, discharges, and forever releases Defendants from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Actions, other than as set forth in paragraph 2.4; provided, however, that this release is conditioned upon Final Approval of this Settlement Agreement by the Court and full performance by the Defendants of its obligations under this Settlement Agreement.

  2.11 **No Admission of Liability**.  Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendants of any liability or wrongdoing whatsoever.

  2.12 **Best Efforts**.  The Settling Parties and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement.

  2.13 **Counterparts**.  This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The signature pages may be collected and annexed to one or more documents to form a complete

counterpart.  Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

      2.14   **Binding Agreement**.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiffs and each Class Member and each of their respective current and former heirs, executors, administrators, assigns, agents and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.  Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Defendants and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys. There are otherwise no third-party beneficiaries of this Settlement Agreement.

      2.15   **Governing Law**. This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of California without giving effect to California choice of law principles.

      2.16   **Interpretation**. The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that the Settling Parties and their respective counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions.  Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship.  The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the content so requires.

      2.17   **Entire Agreement**. This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein.  The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merged into this Settlement Agreement and shall have no effect.  This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel.

      2.18   **Authority**. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of this Settlement Agreement.  Such persons further represent and warrant that they are competent to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on

behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.19   **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.20   **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

2.21   **Attorney's Fees**.   In the event that any action between these Parties is necessary to enforce the terms and conditions of this Release, the prevailing party shall be entitled to the recovery of reasonable attorney's fees and costs from the losing party.

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

Plaintiffs and Class Representatives:

By: _____          5-18-2016
　　 Judy Bee                                              Date
　　 Bee, Denning, Inc., d/b/a Practice
　　 Performance Group


By: _____          _____
　　 Gregory Chick                                     Date


By: _____          _____
　　 Deniela Torman                                    Date

Counsel for Plaintiffs and Class Representatives:


TERRELL MARSHALL LAW GROUP PLLC



By: _____          _____
　　 Beth E. Terrell                                              Date

- 9 -

behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.19 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.20 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

2.21 **Attorney's Fees**. In the event that any action between these Parties is necessary to enforce the terms and conditions of this Release, the prevailing party shall be entitled to the recovery of reasonable attorney's fees and costs from the losing party.

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

Plaintiffs and Class Representatives:

By: _____       _____
        Judy Bee                                                    Date
        Bee, Denning, Inc., d/b/a Practice
        Performance Group


By: _____       _____
        Gregory Chick                                          Date

By: _____       __5_/_1_8_/__1_6___
        Deniela Forman                                      Date

Counsel for Plaintiffs and Class Representatives:


TERRELL MARSHALL LAW GROUP PLLC



By: _____       _____
        Beth E. Terrell                                        Date

- 9 -

behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

     2.19   **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

     2.20   **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

     2.21   **Attorney's Fees**.   In the event that any action between these Parties is necessary to enforce the terms and conditions of this Release, the prevailing party shall be entitled to the recovery of reasonable attorney's fees and costs from the losing party.

     **IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

Plaintiffs and Class Representatives:

By: _____     _____
     Judy Bee                           Date
     Bee, Denning, Inc., d/b/a Practice
     Performance Group

By: _____     _05/18/2016_
     Gregory Chick                      Date

By: _____     _____
     Deniela Torman                   Date

Counsel for Plaintiffs and Class Representatives:

TERRELL MARSHALL LAW GROUP PLLC

By: _____     _____
     Beth E. Terrell                    Date

behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

2.19 **Headings**. The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

2.20 **Severability**. In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby.

2.21 **Attorney's Fees**.   In the event that any action between these Parties is necessary to enforce the terms and conditions of this Release, the prevailing party shall be entitled to the recovery of reasonable attorney's fees and costs from the losing party.

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

Plaintiffs and Class Representatives:

By: _____        _____
        Judy Bee                                                           Date
        Bee, Denning, Inc., d/b/a Practice
        Performance Group


By: _____        _____
        Gregory Chick                                                  Date


By: _____        _____
        Deniela Torman                                               Date

Counsel for Plaintiffs and Class Representatives:

TERRELL MARSHALL LAW GROUP PLLC


By: _____        ___5/17/2016_____
        Beth E. Terrell                                              Date

MARQUIS AURBACH COFFING

By: _____          5/17/17
       Candice E. Renka                                          Date

WHITFIELD, BRYSON & MASON, LLP

By: _____          _____
       Gary E. Mason                                          Date

Defendants:

By: _____          _____
       Narin Charanvattanakit                                  Date
       Capital Alliance Group

By: _____          _____
       Narin Charanvattanakit, individually                    Date

Counsel for Defendants:

HOMAN & STONE

By: _____          5/16/16
       Gene S. Stone                                          Date

- 10 -

WHITFIELD, BRYSON & MASON, LLP

By: _____          _____
      Gary E. Mason                                Date

Defendants:

By: _____          5-16-16
      Narin Charanvattanakit                       Date
      Capital Alliance Group

By: _____          5-16-16
      Narin Charanvattanakit, individually         Date

Counsel for Defendants:

HOMAN & STONE

By: _____          _____
      Gene S. Stone                                Date

WHITFIELD, BRYSON & MASON, LLP

By: _____        5 - 18 - 16
    Gary E. Mason                              _____
                                              Date

Defendants: _____

By: _____        5 - 16 - 16
    Narin Charanvattanakit                     _____
    Capital Alliance Group                     Date

By: _____        5 - 16 - 16
    Narin Charanvattanakit, individually       _____
                                              Date

Counsel for Defendants:

HOMAN & STONE

By: _____        _____
    Gene S. Stone                              Date

10

MARQUIS AURBACH COFFING


By: _____          _____
        Candice E. Renka                                          Date


WHITFIELD, BRYSON & MASON, LLP

By: _____          5 / 18 / 16
        Gary E. Mason                                             Date

Defendants:


By: _____          _____
        Narin Charanvattanakit                               Date
        Capital Alliance Group


By: _____          _____
        Narin Charanvattanakit, individually         Date


Counsel for Defendants:


HOMAN & STONE

By: _____          5 | 16 | 16
        Gene S. Stone                                            Date

- Exhibit A -

Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Mary B. Reiten, CSB #203412
Email: mreiten@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional counsel appear on signature page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>                    Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>**CONFESSION OF JUDGMENT**<br><br>Complaint Filed: 11/5/13<br><br>DEMAND FOR JURY TRIAL<br><br>Honorable Cynthia Bashant<br><br>DATE:<br>TIME:<br>COURTROOM: 4B, 4th Fl. Schwartz |

CONFESSION OF JUDGMENT
1

3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

DANIELA TORMAN, individually
and on behalf of all others similarly
situated,

       v.

CAPITAL ALLIANCE GROUP d/b/a
CAPITAL ALLIANCE d/b/a
BANKCAPITAL d/b/a
BANKCAPITAL DIRECT d/b/a
TRUSTED BANCORP, NARIN
CHARANVATTANAKIT a/k/a
NARAN CHARAN a/k/a CLAYTON
HEATH, and JOHN DOES 1-10,

       Defendants.

NO. 3:14-cv-02915-JLS-MDD

Honorable Janis L. Sammartino

This confession of judgment is for the purpose of securing Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Deniela Torman from a contingent liability as shown by the following facts:  Defendants Capital Alliance Group and Narin Charanvattanakit ("Defendants") entered into a settlement agreement with Plaintiffs in relation to this matter (the "Settlement Agreement").  Part of the Settlement Agreement requires Defendants pay to Plaintiffs the sum of Thirty Six Thousand Five Hundred Fifty Three Dollars ($36,553.00) on or before November 4, 2016.

In the event Defendants fail to make the Payments required under the Settlement Agreement, Defendants will be deemed in default and required to pay Plaintiffs the total amount of Payments remaining due to Plaintiffs under the Settlement Agreement (the "Default Payment").  This Default Payment shall be

made no later than ten (10) days after the missed Installment Payment was originally due.

In the event Defendants do not make the Default Payment required under the Settlement Agreement within ten (10) days written notice from counsel for Plaintiffs, as demonstrated by a declaration from counsel for Plaintiffs, the United States District Court of Southern District of California may enter judgment against Defendants based on this confession.

Defendants confess judgment in favor of Plaintiffs in the amount of $36,553.00, plus reasonable attorneys' fees and costs as determined by the Court, plus prejudgment interest as determined by the Court, less any partial Payments that the Court finds were made pursuant to the Settlement Agreement. Defendants authorize the Court to enter final judgment in this matter in that amount against Defendants and in favor of Plaintiffs.

Dated this __17__ of _____May_____, 2016.


CAPITAL ALLIANCE GROUP


By: _Narin Charanvattanckit_

Its: _CEO_____

NARIN CHARANVATTANAKIT


STATE OF _____    )
                            ) ss.
COUNTY OF _____    )

CONFESSION OF JUDGMENT
3

3:13-cv-02654-BAS-WVG
3:14-cv-02915-JLS-MDD

I, Narin Charanvattanakit the _____CEO_____ of Capital

Alliance Group, verify under oath that the above confession of judgment is

authorized by me on behalf of Capital Alliance Group, and that the facts set out

above are true to the best of my knowledge and belief.

Dated this _17_ day of ___May___ 2016.

CAPITAL ALLIANCE GROUP

By: _Narin Charanvattanakit_

_____

Its: _CEO_____

SUBSCRIBED AND SWORN to before me this _____ day of

_____, 2016.

_See attached_____

[PRINT NAME]_____

NOTARY PUBLIC for the State of

_____

Residing at _____

My Commission Expires: _____

STATE OF _____        )

                                )  ss.

COUNTY OF _____        )

CONFESSION OF JUDGMENT
4

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    **CIVIL CODE § 1189**

〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                              )

County of *Orange*                              )

On *5-17-16* _____ before me, *Patrick C Ray - Notary Public*
_____ Date _____                    *Here Insert Name and Title of the Officer*

personally appeared *Navin Chalanvettanakit*
_____
*Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
PATRICK C. RAY
Commission # 1982973
Notary Public - California
Orange County
My Comm. Expires Jun 23, 2016
```

Signature *Patt Chy*
_____
*Signature of Notary Public*

_____ *Place Notary Seal Above* _____

━━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━━

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: *Confession of Judgment* Document Date: *5-17-16*
Number of Pages: *3* Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____          Signer's Name: _____
☐ Corporate Officer — Title(s): _____          ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General          ☐ Partner — ☐ Limited ☐ General
☐ Individual     ☐ Attorney in Fact          ☐ Individual     ☐ Attorney in Fact
☐ Trustee     ☐ Guardian or Conservator          ☐ Trustee     ☐ Guardian or Conservator
☐ Other: _____          ☐ Other: _____
Signer Is Representing: _____          Signer Is Representing: _____

〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰〰

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

I, NARIN CHARANVATTANAKIT, verify under oath that the above confession of judgment is authorized by me, and that the facts set out above are true to the best of my knowledge and belief.

Dated this __17__ day of __May_____ 2016.

NARIN CHARANVATTANAKIT

_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2016.

_____

[PRINT NAME]_____

NOTARY PUBLIC for the State of

_____

Residing at _____

My Commission Expires: _____

CONFESSION OF JUDGMENT

5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of *Orange*           )
                             )
On _5-17-16_ before me, *Patrick C Ray - Notary Public,*
     Date                       Here Insert Name and Title of the Officer
personally appeared *Narlin Chalanvettanakit*
                           Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PATRICK C. RAY
Commission # 1982973
Notary Public - California
Orange County
My Comm. Expires Jun 23, 2016

Signature _Patk Cay_
             Signature of Notary Public

Place Notary Seal Above
———————————————— OPTIONAL ————————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: *Confession of Judgment*     Document Date: _5-17-16_
Number of Pages: _2_     Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner —  ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner —  ☐ Limited  ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

- Exhibit B -

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

## IF YOU OR SOMEONE YOU KNOW RECEIVED

## A CELLULAR TELEPHONE CALL OR FAX FROM

# CAPITAL ALLIANCE GROUP, COMMUNITY, COMMUNITY BUSINESS FUNDING, FAST WORKING CAPITAL, SNAP BUSINESS FUNDING, ZOOM CAPITAL, NEXTDAY BUSINESS LOANS, 3DAYLOANS, BANK CAPITAL, FUNDQUIK, PROMPT, OR SIMPLE BUSINESS FUNDING

## PLEASE READ THIS NOTICE

- This is to inform you of the settlement of a class action lawsuits against Capital Alliance Group and Narin Charanvattanakit ("Defendants") in the United States District Court for the Southern District of California, Case Nos. 3:13-cv-02654-BAS-WVG and 3:14-cv-02915-JLS-MDD.

- In the lawsuits, Plaintiffs allege that, without consent, calls with a prerecorded voice message were made to cell phones by or on behalf of Defendants.  Plaintiffs also allege that facsimiles with unsolicited advertisements were sent by or on behalf of Defendants.  Plaintiffs allege these acts violate the Telephone Consumer Protection Act ("TCPA").

- Plaintiffs brought the case on behalf of themselves and everyone else who received unauthorized cell phone calls or faxes from Defendants. You may be a member of the class and entitled to the benefits of the settlement.

- After a thorough investigation, Class Counsel determined that Defendants have insufficient resources to provide meaningful monetary relief to class members.  As such, the Settlement does not provide any monetary relief.  Rather, Defendants and their successors will be required to implement changes in their policies and procedures which are intended to prevent unauthorized calls and faxes.  However, class members are not releasing their right to bring their own suit to recover any statutory or other monetary relief, either individually or on behalf of a class of individuals.

- Pursuant to the Settlement, Plaintiffs will each receive $4,819 for their damages and for their participation and roles as class representatives.

- The attorneys for Plaintiffs and the Class will receive $22,096 in expenses.

- If the settlement is approved by the Court:

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

- o   Defendants and their successors will change their practices to ensure that in the future it does not call anyone's cell phone without his or her prior consent, or after consent has been revoked.

- o   If you are a class member, you retain your right to bring a lawsuit against Defendants, individually or on behalf of a class of individuals, for between $500 and 1,500 per illegal call or fax.

- The Court is holding a hearing to consider the fairness of the settlement on _____ at _____. You can obtain more information about the settlement at www or by calling xxx-xxx-xxxx.  You may also contact Class Counsel, below, to find out more information.

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103

- Exhibit C -

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated, | NO. 3:13-cv-02654-BAS-WVG |
| Plaintiffs, | Honorable Cynthia Bashant |
| v. | |
| CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT, | |
| Defendants. | |
| DANIELA TORMAN, individually and on behalf of all others similarly situated, | |
| v. | NO. 3:14-cv-02915-JLS-MDD |
| CAPITAL ALLIANCE GROUP d/b/a CAPITAL ALLIANCE d/b/a BANKCAPITAL d/b/a BANKCAPITAL DIRECT d/b/a TRUSTED BANCORP, NARIN CHARANVATTANAKIT a/k/a NARAN CHARAN a/k/a CLAYTON HEATH, and JOHN DOES 1-10, | Honorable Janis L. Sammartino |
| Defendants. | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement, and based upon the papers submitted to the Court and all of the proceedings had in this matter to date, IT IS HEREBY ORDERED:

- 1 -

1.      Solely for purposes of settlement, the following Settlement Classes are

provisionally certified pursuant to Fed. R. Civ. P. 23(b)(2):

      A.  <u>Junk Fax Class</u>

      All persons or entities in the United States who, on or after November 5,
2009, were sent by or on behalf of Defendants one or more unsolicited
advertisements by telephone facsimile machine that bear the business
name Community, Community Business Funding, Fast Working Capital,
Snap Business Funding, Zoom Capital, Nextday Business Loans,
3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business
Funding.

      B.  <u>Automated Call Class</u>

      All persons or entities in the United States who, on or after November 5,
2009, received a call on their cellular telephone with a prerecorded voice
message from the number 888-364-6330 that was made by or on behalf
of Defendants.

2.      Based on the parties' stipulations, and for settlement purposes only:

      a.      The classes are defined is sufficiently numerous such that joinder is

impracticable;

      b.      Common questions of law and fact predominate over any questions

affecting only individual Class Members, and include whether or not, without consent, calls with

a prerecorded voice message were made to cell phones by or on behalf of Defendants, facsimiles

with unsolicited advertisements were sent by or on behalf of Defendants, and Defendants

violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;

      c.      The claims of Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance

Group, Gregory Chick, and Deniela Torman are typical of the Class Members' claims;

       d.       Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Deniela Torman are appropriate and adequate representatives for the Class and their attorneys, Beth E. Terrell and Terrell Marshall Law Group PLLC, Candice E. Renka and Marquis Aurbach Coffing, and Gary E. Mason, Whitfield Bryson & Mason LLP, are hereby appointed as Class Counsel; and

       e.       Defendants have acted or refused to act on grounds that apply generally to the classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

3.      The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.  In the event that the proposed settlement is not finally approved for any reason, Defendants shall, pursuant to the Settlement Agreement, retain its right to contest certification of the Class.

4.      The Court approves the proposed form of notice to the Classes, and directs that notice be implemented in accordance with the Settlement Agreement.  Class Counsel shall file an affidavit with the Court, at least 5 business days prior to the Final Approval Hearing, attesting that notice has been so given.

5.      The Court finds that the notice proposed in paragraph 2.7 of the Settlement Agreement is the only notice to the Class Members that is required and further finds that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

6.      A Final Approval Hearing on the fairness and reasonableness of the Settlement Agreement will be held before this Court on _____.

- 3 -

SO ORDERED this _____ day of _____, 2016.


_____
UNITED STATES DISTRICT JUDGE

- Exhibit D -

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>CAPITAL ALLIANCE GROUP; and NARIN CHARANVATTANAKIT,<br><br>           Defendants. | NO. 3:13-cv-02654-BAS-WVG<br><br>Honorable Cynthia Bashant |
| DANIELA TORMAN, individually and on behalf of all others similarly situated,<br><br>   v.<br><br>CAPITAL ALLIANCE GROUP d/b/a CAPITAL ALLIANCE d/b/a BANKCAPITAL d/b/a BANKCAPITAL DIRECT d/b/a TRUSTED BANCORP, NARIN CHARANVATTANAKIT a/k/a NARAN CHARAN a/k/a CLAYTON HEATH, and JOHN DOES 1-10,<br><br>           Defendants. | NO. 3:14-cv-02915-JLS-MDD<br><br>Honorable Janis L. Sammartino |

**[PROPOSED] FINAL APPROVAL ORDER**

The Court having held a Final Approval Hearing on _____, and having considered the papers submitted to the Court and proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated _____, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Classes certified for settlement purposes in this Court's Preliminary Approval Order:

> A.      JUNK FAX CLASS
>
> All persons or entities in the United States who, on or after November 5, 2009, were sent by or on behalf of Defendants one or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.
>
> B.      AUTOMATED CALL CLASS
>
> All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made by or on behalf of Defendants.

3.      The Settlement Classes are certified because:

> a.      The classes as defined is sufficiently numerous such that joinder is impracticable;

> b.      Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA");

> c.      The claims of Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Deniela Torman are typical of the Class Members' claims;

       d.       Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Deniela Torman are appropriate and adequate representatives for the Class and their attorneys, Beth E. Terrell and Terrell Marshall Law Group PLLC, Candice E. Renka and Marquis Aurbach Coffing, and Gary E. Mason, Whitfield Bryson & Mason LLP, are qualified to serve as counsel for Plaintiffs and the Settlement Class;

       e.       Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; and

       f.       This action is manageable as a class action.

4.       Notice was given to the Classes pursuant to the Preliminary Approval Order and the Settlement Agreement;

5.       The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

6.       No members of the Settlement Classes objected to the Settlement Agreement; and

7.       The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendants.  The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.       That the Settlement Agreement is finally approved and shall be implemented pursuant to its terms;

D.      That the Court hereby dismisses with prejudice all claims asserted by the Plaintiffs against Defendants and dismisses without prejudice, the claims of the Class Members;

E.      That this Court awards to Class Counsel their costs in the amount of $22,096, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation;

F.      That this Court approves payment of $4,819 to each Plaintiff for his or her damages and services to the Settlement Classes;

G.      That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

H.      That except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

I.      That the absent Class members retain their right to bring lawsuits for damages against Defendant for violations of the TCPA; and

J.      That Defendants are ordered to comply with the following injunctive relief, as described in the Settlement Agreement:

1.      Defendants and Defendants' successors shall establish written procedures for TCPA compliance.

2.      Defendants and Defendants' successors shall conduct annual training sessions directed to TCPA compliance.

3.      Defendants and Defendants' successors shall maintain a list of telephone numbers of persons who request not to be contacted.

- 4 -

4.      Defendants and Defendants' successors shall subscribe to a version of the national do-not-call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance).

5.      Defendants and Defendants' successors shall establish internal processes to ensure that Defendants and Defendants' successors do not sell, rent, lease, purchase or use the do-not-call database in any manner except in compliance with TCPA regulations.

6.      Defendants and Defendants' successors shall scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use or prerecorded messages.

7.      Defendants and Defendants' successors shall not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature.

8.      All prerecorded messages, whether delivered by automated dialing equipment or not, must identify Capital Alliance or any successor entity, and the specific "d/b/a" as the entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again.

9.      All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. §§ 227(a)(4) must be preceded by the receipt of the express written permission of the intended recipient, including the intended recipient's signature.

10.     Defendants and Defendants' successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements.

SO ORDERED this _____ day of _____, 2016.


_____
UNITED STATES DISTRICT JUDGE