UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEE, DENNING, INC., d/b/a PRACTICE PERFORMANCE GROUP; and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>CAPITAL ALLIANCE GROUP and NARIN CHARANVATTANAKIT,<br><br>                    Defendants. | Case No. 13-cv-02654-BAS(WVG)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEY FEES AND INCENTIVE AWARDS**<br><br>**[ECF Nos. 76, 77]** |
| DANIELA TORMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>  v.<br><br>CAPITAL ALLIANCE GROUP, et al.,<br><br>                    Defendants. | Consolidated with:<br>Case No. 14-cv-02915-BAS(WVG) |

The Court having held a Final Approval Hearing on November 14, 2016, and having considered the papers submitted to the Court and proceedings to date, and having considered all matters submitted to it at the Final Approval Hearing, hereby **ORDERS, ADJUDGES AND DECREES** as follows:

1. The Settlement Agreement dated May 17, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the following Settlement Classes certified for settlement purposes in this Court's Preliminary Approval Order:

    A.    JUNK FAX CLASS

    All persons or entities in the United States who, on or after November 5, 2009, were sent by or on behalf of Defendants one or more unsolicited advertisements by telephone facsimile machine that bear the business name Community, Community Business Funding, Fast Working Capital, Snap Business Funding, Zoom Capital, Nextday Business Loans, 3DayLoans, Bank Capital, FundQuik, Prompt, or Simple Business Funding.

    B.    AUTOMATED CALL CLASS

    All persons or entities in the United States who, on or after November 5, 2009, received a call on their cellular telephone with a prerecorded voice message from the number 888-364-6330 that was made by or on behalf of Defendants.

3. The Settlement Classes are certified because:

    a.    The classes as defined are sufficiently numerous such that joinder is impracticable;

   b. Common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA");

   c. The claims of Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Daniela Torman are typical of the Class Members' claims;

   d. Plaintiffs Bee, Denning, Inc., d/b/a Practice Performance Group, Gregory Chick, and Daniela Torman are appropriate and adequate representatives for the Class and their attorneys, Beth E. Terrell and Terrell Marshall Law Group PLLC, Candice E. Renka and Marquis Aurbach Coffing, and Gary E. Mason, Whitfield Bryson & Mason LLP, are qualified to serve as counsel for Plaintiffs and the Settlement Class;

   e. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; and

   f. This action is manageable as a class action.

  4. Notice, although not required, was given to the Classes pursuant to the Preliminary Approval Order and the Settlement Agreement;

  5. The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution and any other applicable law;

  6. No members of the Settlement Classes objected to the Settlement Agreement; and

  7. The Settlement Agreement is the product of arm's length settlement negotiations between Plaintiffs, Class Counsel and Defendants. The Settlement

Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

    A.    That the Settlement Agreement is finally approved and shall be implemented pursuant to its terms;

    B.    That the Court hereby dismisses with prejudice all claims asserted by the Plaintiffs against Defendants and dismisses without prejudice, the damages claims of the Class Members;

    C.    That this Court awards to Class Counsel their costs in the amount of $22,096, which this Court finds to be fair and reasonable in light of the time, expense, and complexity of this litigation;

    D.    That this Court approves payment of $4,819 to each named Plaintiff for his or her damages and services to the Settlement Classes;

    E.    That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement;

    F.    That, except as otherwise provided in the Settlement Agreement or herein, the parties are to bear their own attorneys' fees and costs;

    G.    That the absent Class members retain their right to bring lawsuits for damages against Defendant for violations of the TCPA; and

    H.    That Defendants are ordered to comply with the following injunctive relief, as described in the Settlement Agreement:

        1.    Defendants and Defendants' successors shall establish written procedures for TCPA compliance.

        2.    Defendants and Defendants' successors shall conduct annual training sessions directed to TCPA compliance.

        3.    Defendants and Defendants' successors shall maintain a list of telephone numbers of persons who request not to be contacted.

        4.    Defendants and Defendants' successors shall subscribe to a

version of the national do-not-call registry obtained no more than three months prior to the date any call is made (with records documenting such compliance).

5. Defendants and Defendants' successors shall establish internal processes to ensure that Defendants and Defendants' successors do not sell, rent, lease, purchase or use the do-not-call database in any manner except in compliance with TCPA regulations.

6. Defendants and Defendants' successors shall scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use or prerecorded messages.

7. Defendants and Defendants' successors shall not call cellular telephones prior to receipt of the express written permission of the intended recipient, including the intended recipient's signature.

8. All prerecorded messages, whether delivered by automated dialing equipment or not, must identify Capital Alliance or any successor entity, and the specific "d/b/a" as the entity responsible for initiating the call, along with the telephone number that can be used during normal business hours to ask not to be called again.

9. All fax transmissions that include "unsolicited advertisements" as defined in 47 U.S.C. §§ 227(a)(4) must be preceded by the receipt of the express written permission of the intended recipient, including the intended recipient's signature.

10. Defendants and Defendants' successors must maintain records demonstrating that recipients have provided such express permission to send fax advertisements.

**IT IS SO ORDERED.**

**DATED: November 16, 2016**

Hon. Cynthia Bashant
United States District Judge